Douthitt v. Farrell.

---

EMILY R. DOUTHITT *et al.* v. PATRICK FARRELL *et al.*

No. 10888.

1. NOTE AND MORTGAGE— *Statute of Limitations Tolled by Payment of Taxes.* Where a promissory note was given, by the terms of which the principal became due in five years from date, with interest payable semiannually, and a real-estate mortgage securing it was given, which provided that upon default in payment of any of the interest when due and the taxes on the mortgaged premises when due the whole indebtedness should mature, and both such defaults occurred, and the statute of limitations thereupon commenced to run against the indebtedness, but the delinquent taxes were thereafter paid by the mortgage debtor, *held*, that the running of the statute in his favor was ended by his voluntary correction of the one default, and, although more

than five years elapsed from the occurrence of the two defaults mentioned, the cause of action on the note and mortgage was not barred.

2. ———— *Parties—Tax Lien.* When, in a suit to foreclose a real-estate mortgage, the board of county commissioners is made a party in respect to taxes claimed to have been illegally levied upon the mortgaged premises, it is proper to find the amount of legal taxes, and to adjudge them a first lien upon the land, and to order their payment out of the proceeds of the foreclosure sale.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 11, 1899. Affirmed.

*Eugene Wolfe, A. H. Case, Lucia O. Case,* and *H. C. Root,* for plaintiffs in error.

*Eugene Hagan, Overmyer & Mulvane, H. C. Safford,* and *A. P. Jetmore,* county attorney, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action to recover a personal judgment and to foreclose a mortgage upon real estate brought by Patrick Farrell, the defendant in error, against W. P. Douthitt and others, the plaintiffs in error. The sole defense to the action was the five-years' statute of limitation. The findings and verdict of the jury and the judgment of the court were in favor of the plaintiff. The defendants prosecute error to this court. The note upon which suit was brought reads as follows :

"$5554.40.          TOPEKA, KAN., April 5, 1889.

"On or before five years after date, I promise to pay to the order of Patrick Farrell the sum of $5554.40, with interest payable semiannually at the rate of eight per cent. per annum, until paid.

"Value received.          WILLIAM P. DOUTHITT."

The mortgage contains the following stipulation :

"But if said sum of money, or any part thereof, or

any interest thereon, is not paid when the same is due, and if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum or sums, and the interest thereon, shall and by these presents become due and payable, and said party of the second part shall be entitled to the possession of said premises.''

Default was made in the payment of taxes upon the mortgaged premises for 1889, 1890, and 1891. Default in the payment of the first and all the succeeding instalments of interest was likewise made. These two defaults started the statute of limitations to running in favor of the mortgage debtors, within the decision of this court in *National Bank v. Peck*, 8 Kan. 660. In 1892 payment of the overdue taxes was made by the debtor, W. P. Douthitt. No payment was ever made on the mortgage indebtedness, unless one of twenty-five dollars for legal services performed for the plaintiff, the defendant in error here, by W. P. Douthitt, who was an attorney, should be regarded as such, a credit for that amount for such services having been allowed to him by the mortgagee. The performance of these services and the rightful allowance of this credit were denied by the mortgage debtors. The jury, however, upon these matters found in favor of the defendant in error, the plaintiff below; and it also found that the defaulted taxes were paid in 1892, as before stated.

Several claims of error are made and strenuously insisted upon. However, none of them can avail to reverse the judgment below if the payment of the delinquent taxes in 1892 operated to correct the default of the debtors, and therefore to end the running of the statutory period of limitation. It will be observed

that the occurrence of the defaults, which by the terms of the mortgage precipitated the maturity of the indebtedness and thereby started the statute of limitations to running, are stated in the conjunctive, not the disjunctive. It required the non-payment of both the taxes on the land and interest upon the obligation to mature the indebtedness in advance of the time limited in the note. (*Lewis v. Lewis*, 58 Kan. 563, 50 Pac. 454.) The court, among other things, instructed the jury as follows:

"If you find from the evidence in this case that this note and mortgage had become due by reason of the failure of the defendant Douthitt to pay interest upon this indebtedness and taxes upon this land, and if you further find that in 1892 defendant Douthitt paid the taxes — all the taxes — due upon the land, and at that time no suit had been brought by plaintiff for the purpose of recovering upon this indebtedness, then and in that event I instruct you that would take this case out of the statute of limitations, and that the plaintiff would have five years thereafter within which to maintain this action."

The giving of this instruction and the finding of the jury as to the payment of the defaulted taxes raises the single meritorious question in the case. We have no doubt but that the voluntary payment of the taxes by the debtor was a waiver by him of the conditions under which the statute of limitations was running in his favor and was a restoration by him of the plaintiff to the status of a holder of an unmatured indebtedness. This very question was before the supreme court of Iowa in the case of *Smalley v. Renken*, 85 Iowa, 612, 52 N. W. 507. In that case the court said:

"The condition of the mortgage, that all taxes should be paid within thirty days from the time they became due and payable, is a ground upon which it

is sought to declare the note due and sustain the action. The default in this respect was not made a basis for the action at its commencement, but was so made by an amendment filed January 6, 1890. The taxes were paid August 27, 1889. The appellee urges this point because it is within the letter of the contract. Courts look at the intent of the parties in making the contract. The suit cannot be regarded as commenced as to this particular default until the filing of the amendment to the petition, January 6, 1890. At that time the taxes were paid. What did the parties stipulate that the taxes should be paid by defendant for? To protect the plaintiff from the loss or impairment of his security. At the filing of the amendment every right of the plaintiff in this respect was fully protected. The object of the conditions of the mortgage was to enable the plaintiff to treat the debt as due, and save himself from loss because of the default. After the payment of the taxes all such liability for loss was at an end. His situation was exactly as if there had been no default as far as the conditions for forfeiture were concerned. To justify a forfeiture under such circumstances would work an injustice that the court ought not to permit. We think the payment of the taxes, after a breach of the conditions for their payment, and in a way that no prejudice could result because of the default, and before suit brought to declare the debt due because of the default in payment, is a bar to such a proceeding.''

We quite well understand the rule to be that the running of the statute of limitations will not ordinarily be suspended by the occurrence of other events, but this cannot be true where the party in whose favor the statute is running voluntarily does an act waiving or renouncing his rights thereunder. Like all other mere personal privileges, the right to plead the statute of limitations may by waived. (1 Wood, Lim. [2d ed.] § 41.) After the payment of the taxes for 1892 they became delinquent for the succeeding

years.   Thereafter, within the statutory period, the foreclosure action was brought.

The board of county commissioners was made a party defendant in respect of the interest it possessed in the tax lien upon the mortgaged premises, and it filed an answer setting up the amounts of all the taxes.   The defendants Douthitt in their pleadings did not challenge the validity of any of these taxes except those levied for school purposes, and upon the trial of the case these school taxes only were contested. The levy of these taxes was found by the court to be void and the land adjudged to be discharged from their lien.   The defendant W. P. Douthitt upon the trial of the case admitted that the validity of the taxes other than those levied for school purposes was not controverted by him, and the court thereupon adjudged them to be a first lien upon the land, and ordered that they be first paid out of the proceeds of the sale of the land.   It is contended that the judgment of the court declaring these taxes to be a first lien and ordering a sale for their payment as well as for the payment of the mortgage debt was error, and especially so because no evidence as to the amount of the taxes was received by the court.   These claims are without merit.   A fair interpretation of the testimony of W. P. Douthitt shows an admission upon his part of the amount and validity of the taxes alleged in the answer of the board of commissioners, and we think that in an equity suit, where the owner of land joins issue upon the existence of a tax lien, as upon the existence and validity of other kinds of liens, a judgment such as the one rendered by the court in this case is proper to be made.   Of course, a tax lien may not be foreclosed in court in a suit brought for such purpose, but in a case where tax liens as well as

other liens exist, and a clear title cannot be made without ascertaining the amount of the taxes and ordering their payment out of the proceeds of the sale, it is proper to adjudge the priority of the taxes and order their payment out of the sale money, and we understand the usual practice is to do so.

The judgment of the court below is affirmed.