## Tremain Blakeslee v. Carroll F. Hoit, et al.

1.  Statute of Limitations—*who may plead.*  The owner of land sought to be foreclosed may plead such statute notwithstanding he was not the maker of the mortgage and may not be personally liable thereon.

2.  Statute of Limitations—*what does not start running of.*  A provision in a note secured by a trust deed to the effect that upon de-

fault in the payment of interest for sixty days after the same becomes due and payable, the principal shall at once become absolutely due, is permissive only and does not start the running of the Statute of Limitations.

3. STATUTE OF LIMITATIONS—*effect of absence from state upon running of.* Section 18 of this act, which provides that absence from the state shall be deducted in computing whether the statute has run against a claim or demand, applies to foreclosure suits.

4. MORTGAGE DEBT—*when grantee becomes personally liable for.* Where a grantee of land accepts a deed of conveyance which contains a provision that he shall assume and pay the mortgage debt, he becomes personally liable therefor and assumpsit may be maintained against him.

Foreclosure proceeding. Appeal from the Circuit Court of Jefferson County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

A. D. WEBB and G. GALE GILBERT, for appellant.

WILLIAM H. GREEN, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellant to foreclose a trust deed on certain real estate in Jefferson county, Illinois.

The bill alleges that on April 18, 1877, one Henry B. Purdy became the owner of said premises by warranty deed from Mark H. Middleton; that on the same day Purdy made five promissory notes payable to the order of Middleton to secure a portion of the purchase price of said premises, amounting to $2,100, as follows: one note for $100, due on or before October 18, 1878; one for $200, due on or before four years after date; one for $500, due on or before six years after date; one for $600, due on or before eight years after date; and one for $700 due on or before ten years after date; that all of said notes bore interest payable annually as evidenced by coupon interest notes attached thereto; that each of said principal notes contained the following clause: "It is an express condition of this note that in case of default in the payment of the interest or any part thereof to accrue thereon, when due and for

sixty days thereafter, the principal sum of this note shall at once become absolutely due;" that a trust deed was given by Purdy and his wife on the premises purchased to S. C. Polk, as trustee for Middleton, to secure the payment of said notes, and of even date therewith; that on October 4, 1877, Purdy and his wife conveyed said premises to Mary F. Hartman by warranty deed; that on October 15, 1877, said Mary F. Hartman and her husband conveyed said premises to James L. Marshall by warranty deed and said James L. Marshall and wife conveyed the same by quit-claim deed on April 2, 1878, to Andrew Marshall, the two deeds last above referred to containing the following clause: "Subject, however, to the following encumbrance, which the party of the second part assumes and agrees to pay; $2,100 as follows:" describing the notes above referred to; that by means of said clause in the deed from James L. Marshall and wife to Andrew Marshall the latter became and is personally liable for the payment of said notes and interest; that on December 1, 1902, the payee of said notes sold and assigned them for a valuable consideration to appellant; that said principal sum of $2,100 with interest thereon since April 18, 1878, remains due and unpaid; that said Andrew Marshall removed from this state on March 22, 1897, to the State of Alabama and has continuously resided in said last named state from said date until the present time; that he is now a citizen and resident of said State of Alabama, and has at no time since the date last mentioned, been a resident of this state; that by reason of the default in the said principal sum of $2,100 and interest, said mortgaged premises have become forfeited to appellant, subject nevertheless to redemption by said Andrew Marshall, his heirs or assigns; that by quit-claim deed, dated February 14, 1903, said Andrew Marshall and his wife conveyed all their interest in said premises to Carroll F. Hoit; that said James L. Pollock and J. A. Ellis have or claim to have some interest in said mortgaged premises but that their interest, if any they have, as well as the interest of said Hoit, has accrued subsequent to the

lien of said trust deed and is subject thereto. The prayer of the bill is that an account may be taken and the defendant Andrew Marshall decreed to pay complainant whatever sum may appear to be due him within a short day to be fixed by the court, and that in default of such payment, said mortgaged premises be sold to satisfy the same.

The deed of trust which is made a part of the bill, contains the following clause :

" It is stipulated and agreed that in case of default in the payment of said promissory notes or either of them, or interest as aforesaid, or of a breach of any of the covenants or agreements herein mentioned, the whole of said principal of said promissory notes, and the interest thereon, to the time of sale, may at once, at the option of the legal holder thereof, become due and payable, and the said premises be sold in the manner and with the same effect as if the said indebtedness had matured."

All the defendants defaulted except Hoit and Pollock, who filed a general demurrer to the bill, which was sustained by the court and the bill dismissed.

The demurrer in this case raises the question whether or not the bill upon its face shows that the said notes were barred by the Statute of Limitations, prior to the bringing of the suit, and it is that question which is argued by counsel for the respective parties. Appellant insists that the decree of the Circuit Court should be reversed upon the grounds that (1) the provision in the notes that upon default in the payment of interest for sixty days after the same became due and payable, did not of itself cause the notes to mature so as to start the Statute of Limitations to running within sixty days after default was made; (2) that the stipulation in the deed to Andrew Marshall that he assumed and agreed to pay the encumbrances, rendered him personally liable for the payment of the same; (3) that the note for $700 did not fall due until April 18, 1887, when the Statute of Limitations began to run, and that the bar would not have become complete until 1897, but that Andrew Marshall departed from this state and became a resident of Alabama, March 22, 1897, before the bar was complete, and has since

resided in that state; (4) that the defense of the Statute of
Limitations is a personal privilege and cannot be taken
advantage of by the defendants Hoit and Pollock, as it was
not their debt, and Andrew Marshall, who does owe the
debt, made default.

The last ground urged for reversing the decree cannot be
sustained, for the reason that it appears that Hoit is now
the owner of the premises in question and this suit is brought
for the purpose of foreclosing the deed of trust against the
same.   If the debt is barred, the owner of the land covered
by the deed of trust has a right to take advantage of that
fact.   It is immaterial, so far as he is concerned, whether
his grantor, Andrew Marshall, was or was not personally
liable for the debt and he could not be deprived of his right
to make the defense of the Statute of Limitations, because
his grantor may have refused or neglected to set it up for
him.   In 19 Am. & Eng. Enc. of Law, 2nd ed., 184, the
doctrine is laid down that " one who purchases land covered
by a mortgage, acquires such a privity of relationship to the
debtor as to entitle him to plead the statute against the
mortgagee, so far as the subjection of the land itself is
sought, whether the mortgagor pleads it or omits to plead
it, or even where he expressly declines to plead it."

The provision in the notes that upon default in the pay-
ment of interest for sixty days after the same became due
and payable the principal should at once become absolutely
due, was permissive only, and did not of itself start the
Statute of Limitations to run.   Watts v. Hoffman, 77 Ill.
App. 411; Richardson v. Warner, 28 Fed. Rep. 343; Neb.
City Nat'l Bank v. Neb. City Gas Light & Coke Co., 4
McCrary's Rep. 319; Lowenstein v. Phelan, 17 Neb. 429.

By the stipulation contained in the deed to him, Andrew
Marshall assumed and agreed to pay the notes in question.
In Jones v. Foster, 175 Ill. 459, it is said :   " Where a con-
veyance is made subject to a mortgage upon the premises,
the payment of which the grantee by the terms of the deed
assumes, he thereby becomes personally liable for the mort-
gage debt.   It has been held that, where a deed poll, which
recites that it is subject to certain encumbrances on the

property, and that the party of the second part thereto assumes and agrees to pay such encumbrances and liabilities, is accepted by the grantee, he is liable in an action of assumpsit to pay the encumbrances therein mentioned. (Schmidt v. Glade, 126 Ill. 485; Fish v. Glover, 154 id. 86; Bay v. Williams, 112 id. 91; Dean v. Walker, 107 id. 540; 8 Wait's Actions and Defenses, p. 497)." The same rule which applies to the grantee of the original mortgagor, applies under like circumstances to subsequent grantees.

In 20 Am. & Eng. Enc. of Law, 1000, the doctrine is laid down that " The principles applied between the mortgagee and the grantee of the land assuming the mortgage, apply equally after the land has passed to another grantee, or to a series of grantees. A holder of the mortgage may sue a subsequent grantee or any number of subsequent grantees, provided he can show in each case the elements essential to sustain an action against the first grantee; as that he has assumed the payment of the mortgage; that his immediate grantor was liable, where such liability is essential. It may thus happen that the last grantee of a series is liable when the first grantee was not, for the reason that the last one assumed the mortgage, which the first one did not assume." Wood v. Smith, 51 Iowa 156; Crone v. Stinde, 156 Mo. 262. In Flagg v. Geltmacher, 98 Ill. 293, it was held that each subsequent purchaser of mortgaged premises, who assumes in the deed to him, the payment of the mortgage debt, becomes an original promisor for the payment of the same, and accepts the place of an original mortgagor, as to the condition of his title. Andrew Marshall was, therefore, by virtue of said stipulation in the deed to him, personally liable for the payment of the mortgage debt.

It is not questioned that all the notes except the $700 note were barred by the Statute of Limitations, prior to the commencement of this suit. If, as we have seen, that note did not become due until April 18, 1887, then the statute would begin to run at that time and had nothing prevented, the bar would have become complete April 18, 1897. On March 22, 1897, just before the bar would have become complete, Andrew Marshall, who had owned the land since

April 2, 1878, departed from the state and became a resident of Alabama, where he still resides. In Jones v. Foster, *supra*, it is said : " Section 18 of the Limitation Act provides that if, after the cause of action accrues against a person, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. (Pells v. Snell, 130 Ill. 379.) Section 11 of the Limitation Act provides that no person shall commence an action, or make a sale, to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues. We have held that said section 18, providing for the deduction of the time of the absence from the state of a debtor departing after the right of action accrues, applies to a suit to foreclose a mortgage, the mortgage being a mere incident of the debt and being barred when the debt is barred. (Hibernian Banking Assn. v. Commercial Nat. Bank, 157 Ill. 524.)" In Kraft v. Holzmann, 206 Ill. 548, the following language is used: " The first contention of appellants is that when the bill was filed to foreclose the deed of trust, suit was barred by the eleventh section of the act in regard to limitations. * * * We have repeatedly held in such cases that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation Act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred." By reason of the departure of Andrew Marshall from this state before the bar of the statute had become complete against the $700 note, and his continued residence in another state, the debt evidenced by that note was not barred and complainant had a right to maintain his bill to foreclose the trust deed and subject the premises therein named to the payment of that debt.

The decree of the court below sustaining the demurrer of appellees and dismissing the bill of complaint will be reversed and the cause remanded.

*Reversed and remanded.*