Spesard v. Spesard.

H. W. SPESARD, *as Executor, etc.*, V. A. P. SPESARD *et al.*

No. 14,831   (88 Pac. 576.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Note and Mortgage—Construction.*   A note and the mortgage given to secure its payment constitute the contract of the parties, and the two instruments must be construed together.

2. —— *Mortgage Executed Subsequently to the Note.*   A mortgage given to secure the payment of a note, though executed long after the date of the note, will, if such appears to have been the intention of the parties, become a part of the contract from the time of its delivery, the same as if both instruments had been executed at the same time.

3. —— *Stipulation that Debt Shall Mature upon Non-payment of Taxes by Mortgagor.*   A stipulation in such a mortgage providing that, upon failure of the mortgagors to pay all taxes thereafter levied upon the mortgaged premises when by law they are due and payable, the whole debt secured by such mortgage shall become due immediately, is valid, and may be enforced by either party.

Spesard v. Spesard.

4. ———— *Failure to Pay Taxes—Accrual of Right of Action—Waiver.* Where, in such a case, the mortgagors fail to pay the taxes upon the mortgaged premises at the time they are due and payable the whole debt secured by such mortgage becomes due at once, and the statute of limitations begins to run immediately against the owner and holder of the debt. Neither party can waive or change this situation without the consent of the other.

5. ———— *Redemption from Tax Sale by Mortgagor—Suspension of Statute of Limitations.* Where a mortgagor in such a mortgage fails to pay taxes as required, and permits the land to be sold therefor, the subsequent redemption of such land by him will not affect the running of the statute of limitations.

Error from Geary district court; OSCAR L. MOORE, judge. Opinion filed January 5, 1907. Reversed.

### STATEMENT.

ON February 14, 1905, this suit was commenced in the district court of Geary county to obtain judgment upon a note and to foreclose a mortgage given to secure the same. The note reads:

"$2100.          JUNCTION CITY, KAN., August 29, 1890.

"We promise to pay to J. J. Spesard the sum of two thousand one hundred dollars, in payments as follow: Two hundred dollars on the first day of March, 1891, and two hundred dollars on the first day of March of each successive year thereafter until the whole sum shall be paid. The whole sum hereof is to bear interest at the rate of six per cent. per annum from the date hereof until paid. Whenever any payment is made on the same, interest is to be computed on the balance until the time of the next payment. Interest to be paid annually on the first day of March of each year. If, however, the undersigned should any year have a failure of crops, then when the interest is to be paid that year and the $200 instalment for that year is to go over until the next year, when payments shall be resumed as before. No more than $200 and interest is required to be paid in one year.

A. P. SPESARD,
LAURA F. SPESARD."

The mortgage was in the ordinary form, was exe-

Spesard v. Spesard.

cuted April 10, 1897, and contained a clause which reads:

"But if said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, and if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum and sums, and interest thereon, shall and by these presents become due and payable, and said party of the second part shall be entitled to the possession of said premises."

No payments of either principal or interest have been made upon the note. After the execution of the mortgage, and on May 19, 1902, J. J. Spesard, the payee and holder of the note, died testate. On June 3, 1902, H. W. Spesard was appointed executor of the will of the decedent, and afterward commenced this suit. The petition contains a copy of the note and mortgage, with the averments usual in such cases.

The answer of the makers of the note and grantors in the mortgage alleges substantially that they failed to pay anything whatever on the note, and failed to pay the taxes due on the mortgaged premises for the years 1897 and 1898, and therefore that the debt became barred by the statute of limitations long before the suit was commenced. To this the plaintiff replies that the defendants redeemed the lands from the sale for the defaulted taxes of 1897 and 1898, and thereby the default was waived and the statute of limitations ceased to run thereafter, and the bar of the statute was prevented.

Each of the parties moved for judgment on the pleadings. The plaintiff claimed judgment for the full amount of the note according to its face. The defendants claimed judgment for costs, for the reason that the debt was barred by the statute of limitations before the suit was commenced. The court, contrary to each of these motions, entered judgment for the plain-

tiff for $576, with interest after date of judgment. Both parties excepted and both ask for a reversal.

*John D. Davis,* for plaintiff in error.

*Humphrey & Humphrey,* and *Roark & Roark,* for defendants and cross-petitioners in error.

The opinion of the court was delivered by

GRAVES, J.: The only question presented in this case relates to the statute of limitations. The plaintiff claims that the note sued on represents the gross sum of $2100, due eleven years after March 1, 1891; that the provision therein for payment in annual instalments was designed merely as a convenience for the payors, without being obligatory upon them. It is conceded that under the provisions of the mortgage the whole debt became due on December 21, 1897, when default in the payment of that year's taxes occurred, but it is insisted that the subsequent redemption of the land waived the default and prevented the bar of the statute—that the whole debt therefore became due March 1, 1902, which was less than five years before suit was commenced.

Defendants insist that the default which occurred by the non-payment of taxes could not be waived or set aside without the consent of both parties, and that such consent not having been obtained the whole debt became barred December 20, 1902, more than two years before the suit was commenced.

The court did not adopt either of these theories, and the record does not show upon what conclusions its judgment was based. Apparently, however, it decided that the note, being the principal instrument, controlled, where inconsistent with the mortgage, and held that the note was payable in annual instalments, all of which were barred except the last two, for which with interest judgment was rendered for the plaintiff.

A note and the mortgage given to secure its pay-

ment, when executed at the same time and as parts of the same transaction, constitute the contract between the parties, and must be construed together as one instrument. (*Chick and others v. Willetts*, 2 Kan. 384; *Round, et al. v. Donnel, et al.*, 5 Kan. 54; *Muzzy v. Knight*, 8 Kan. 456; *National Bank v. Peck*, 8 Kan. 660; *Meyer v. Graeber*, 19 Kan. 165.)

In this case the mortgage was executed long after the note was given. Its object, however, was to secure the note. The note was copied in the body of the mortgage and considered and referred to as if executed at that time. The two instruments were adopted by the parties as the contract thereafter existing between them. The execution of the mortgage after the date of the note cannot therefore change the rule above stated.

It has been decided that a clause in such a mortgage providing that the debt secured thereby shall mature immediately upon failure of the mortgagors to pay the taxes on the mortgaged premises when by law they should be paid is valid and enforceable by either party. (*Stanclift v. Norton,* 11 Kan. 218; *National Bank v. Peck*, 8 Kan. 660; *Kennedy v. Gibson*, 68 Kan. 612, 616, 75 Pac. 1044.) The legal effect of a failure to pay taxes as stipulated is to make the whole debt due at once, and this result cannot be waived or changed by either party without the consent of the other. (*Stanclift v. Norton*, 11 Kan. 218; *Ellwood v. Wolcott*, 32 Kan. 526, 4 Pac. 1056; *Snyder v. Miller*, 71 Kan. 410, 80 Pac. 870, 69 L. R. A. 250.) In the case last cited the foregoing propositions and the authorities relating thereto were fully considered and discussed. The case of *Douthitt v. Farrell*, 60 Kan. 195, 56 Pac. 9, relied upon by plaintiff, depends upon its own facts and is not controlling here.

When the mortgage in this case was executed it, together with the note, constituted the contract between the parties. The failure to pay the subsequent taxes when due and payable caused the whole debt

to become due at once. More than five years elapsed afterward before this suit was commenced, and therefore the whole debt was barred by the statute of limitations. The redemption of the land after being sold for these taxes did not waive the default or affect the running of the statute.

The judgment of the district court is reversed, with direction to enter judgment for defendants for costs, and to proceed with the case as may be required by the interests of other parties.