(January 29, 1921.)

## THE W. T. RAWLEIGH MEDICAL COMPANY, a Corporation, Appellant, v. GEORGE E. ATWATER, Respondent.

[195 Pac. 545.]

GUARANTY—STATUTE OF LIMITATIONS.

    1.  Where one executes an absolute contract of guaranty for the payment of an obligation, a right of action accrues against him immediately upon the breach of the obligation guaranteed.

    2.  The statute of limitations begins to run in favor of a defendant at the time the cause of action accrues against him.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action on contract of guaranty. Demurrer to complaint sustained, and plaintiff appeals. *Affirmed.*

G. G. Adams, for Appellant.

The statute of limitations does not commence to run in favor of a guarantor upon a continuing guaranty until there is a default in payment by the principal and a full and complete cause of action has arisen against the guarantor. (*Bank v. Knotts,* 10 Rich. 543, 70 Am. Dec. 234.)

And a full and complete cause of action did not arise against the guarantors until the execution against their principal Salisbury was returned unsatisfied. (Spencer on Suretyship, sec. 204; *Nading v. McGregor,* 121 Ind. 465, 23 N. E. 283, 6 L. R. A. 686; *Campbell v. Sherman,* 151 Pa. St. 70, 31 Am. St. 735, 25 Atl. 35; *State Bank v. Knotts, supra; Welch v. Walsh,* 177 Mass. 555, 83 Am. St. 302, 59 N. E. 440, 52 L. R. A. 782; *Manry v. Waxelbaum,* 108 Ga. 14, 33 S. E. 701; *Lehigh Coal etc. Co. v. Blakeslee,* 7 Pa. Dist. 32; *Sollee v. Meugy,* 1 Bail. L. (S. C.) 620; *Wofford v. Unger,* 5 Tex. 480.)

Barber & Davison, for Respondent.

Such a contract by the overwhelming weight of authorities is an absolute guaranty, and being such, the guarantor is jointly and severally liable with the principal, and his obligation ripens into a cause of action upon default of performance by the principal. (*Broadus v. Russel*, 160 Ala. 353, 49 So. 327; *Martin v. Monger*, 112 Ark. 394, 166 S. W. 566; *Redfield v. Haight*, 27 Conn. 31; *N. Y. Security etc. v. Lombardi etc.*, 73 Fed. 537; *Miller v. Lewiston Nat. Bank*, 18 Ida. 145, 108 Pac. 901; *Armstrong v. Slick*, 14 Ida. 208, 93 Pac. 775; *Frost v. Harbert*, 20 Ida. 343, 118 Pac. 1095, 38 L. R. A., N. S., 875; *Pierce v. Merrill*, 128 Cal. 464, 79 Am. St. 56, 61 Pac. 64; 20 Cyc. 1450, par. 3 and notes, and 1458, par. 2 and notes.)

This being true, this action filed more than eight years after the accrual of the liability of this guarantor is barred by the statute of limitations. (1 Brandt on Surety and Guaranty, 3d ed., 161; Idaho cases cited *supra.*)

RICE, C. J.—This is an action upon a contract of guaranty for the honest and faithful performance of a contract entered into between A. N. Salisbury and appellant. The contract was terminated about July 24, 1908. Thereafter, appellant obtained judgment against Salisbury and issued execution thereon which was returned *nulla bona.* On October 31, 1916, appellant brought this action against respondent and H. Barz, as guarantors. Respondent appeared and demurred to the complaint, setting forth, among other grounds, that the cause of action was barred by the statute of limitations. The court sustained the demurrer, and appellant refusing to plead further judgment of dismissal was entered.

The contract between Salisbury and appellant provided for the sale to Salisbury of certain goods and merchandise from time to time, and also provided that upon the expiration of his contract he would make a cash settlement of any balance owing at that time. The obligation of Salis-

bury to pay the balance due was unconditional. Respondent's guaranty for the faithful performance of the contract by Salisbury, though in a sense a continuing one, was absolute. A right of action accrued against him, in favor of appellant, immediately upon the breach of the contract by Salisbury. (*Miller v. Lewiston Nat. Bank,* 18 Ida. 124, 108 Pac. 901; *Frost v. Harbert,* 20 Ida. 336, 118 Pac. 1095, 38 L. R. A., N. S., 875.) The period of limitation provided by the statute for the commencement of an action founded upon a written obligation is five years after the cause of action shall have accrued.

The action of the court in sustaining the demurrer was correct, and the judgment is affirmed. Costs awarded to respondent.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., did not sit at the hearing, nor take any part in the decision.