(May 31, 1922.)

DEAN PERKINS, Appellant, v. A. J. SWAIN, Respondent.

[207 Pac. 585.]

STATUTES OF LIMITATIONS—NOTE—ACCELERATING CLAUSE.

· Where a contract contains an acceleration clause, positive in its
terms and without any optional features in it, a default under said
clause renders the entire indebtedness due and the statute of lim-
itations runs from such default.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Charles P. McCarthy,
Judge.

Action to recover on promissory note. Judgment of dis-
missal. *Affirmed.*

John J. Blake and Carl A. Burke, for Appellant.

"As a rule, the defense of the statute has been unsuccess-
ful, the courts holding that such a provision is a mere option
for the benefit of the mortgagee." (13 Am. & Eng. Ency.
of Law, 792; *Belloc v. Davis,* 38 Cal. 242; *Keene Five Cent
Savings Bank v. Reid,* 123 Fed. 221, 59 C. C. A. 225.)

The acceleration clause involved in the last case is, in
many respects, stronger than the one in the case at bar.
The court held that the clause was intended for the benefit
of the creditor.

Wood & Driscoll, for Respondent.

If a contract provides that on default in the payment of
any instalment or in the payment of interest or any other
default, the whole of the principal shall become due, and
the provision is mandatory in its terms and not optional,
default in the matter specified will mature the entire debt
so as to start the running of the statute of limitations.
(Authorities cited in opinion.)

RICE, C. J.—This is an action upon a promissory note, bearing date October 21, 1910, due on or before four years after date, which contained the following clause: "With interest thereupon in like money from date until paid, at the rate of eight per cent per annum, interest payable monthly, and, if not so paid, the whole sum of both principal and interest to become immediately due and collectible."

Interest payments were made at various dates, amounting in all to $917.03, an amount sufficient to pay the interest until September, 1912. The action was commenced October 3, 1919. The note was given in connection with a contract for the purchase of certain real estate as evidencing the time and terms of payment. The contract contained the following provision: "Time is agreed to be the essence of this contract and in case of default in any deferred payment as above set forth, the said party of the second part shall forfeit any rights he may have to said premises and he shall also forfeit all moneys heretofore paid by him to said parties of the first part to purchase said real estate."

By the terms of the contract, respondent also agreed to pay all taxes for the year 1911 and subsequent years. It was alleged in the complaint that he paid all taxes assessed and levied against the property described in the contract for the year 1911 and each successive year thereafter, including the year 1918.

The defense of the statute of limitations was interposed by respondent. These statutes read as follows:

"C. S., sec. 6594: Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute."

"C. S., sec. 6607: The periods prescribed for the commencement of actions other than for the recovery of real property are as follows: . . . . "

"C. S., sec. 6609: Within five years: An action upon any contract, obligation or liability founded upon an instrument in writing."

The statute of limitations begins to run in favor of the defendant at the time the cause of action accrues against him. (*Rawleigh Medical Co. v. Atwater*, 33 Ida. 399, 195 Pac. 545; *Boyd v. Buchanan*, 176 Mo. App. 56, 162 S. W. 1075.)

The acceleration clause above quoted is not optional, but positive in its terms. The case falls within the rule announced in the case of *Canadian Birkbeck etc. Co. v. Williamson*, 32 Ida. 624, 186 Pac. 916, as follows: "Where a contract contains an acceleration clause, positive in its terms and without any optional features in it, a default under said clause renders the entire indebtedness due and the statute of limitations runs from such default."

The question has been re-examined in the light of the very complete citation of authorities furnished in the briefs of counsel for the respective parties. After such examination, the foregoing rule is believed to be correct and is reaffirmed.

In the case of *Moline Plow Co. v. Webb*, 141 U. S. 616, 12 Sup. Ct. 100, 35 L. ed. 879, the supreme court, through Mr. Justice Harlan, said: "As this action was brought within less than four years after November 1, 1885, the defense of limitation—although it was stipulated in each note that on default in the payment of interest at maturity the principal was to become due and collectible—is without foundation as to any of the notes, unless the principal of each note became due, without regard to the wishes of the payee or holder, either immediately upon default in paying interest, or after the expiration of ninety days from such default. Whether that view be sound or not depends upon the terms of the note and the deed of trust, and could not be affected by the testimony of witnesses."

In *Green v. Frick*, 25 S. D. 342, 126 N. W. 579, the court, in considering a question similar to the one at bar, said: "No doubt exists where the contract is clearly optional on the part of the creditor. But to hold that a contract is optional which by its express terms is plainly absolute is unwarranted by any known rule governing the construction of contracts."

In *Snyder v. Miller*, 71 Kan. 410, 114 Am. St. 489, 80 Pac. 970, 69 L. R. A. 250, it is said: "But a more fundamental consideration is that the parties made the contract, and courts cannot make another to take its place. Its language excludes the idea that the creditor may or may not 'treat the debt as due.' It becomes due in fact. If an election were all that the parties intended, words appropriate to that purpose should have been used."

The rule announced in the case of *Canadian Birkbeck etc. Co. v. Williamson, supra,* is supported by the following authorities: *City of Ft. Worth v. Rosen* (Tex. Com. App.), 228 S. W. 933; *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926; Id., 107 Kan. 187, 190 Pac. 430; *Buss v. Kemp Lbr. Co.,* 23 N. M. 567, 170 Pac. 54, L. R. A. 1918C, 1015; *City of Ft. Worth v. Rosen* (Tex. Civ. App.), 203 S. W. 84; *Boyd v. Buchanan, supra; Central Trust Co. v. Meridian L. & R. Co.,* 106 Miss. 431, 63 So. 575, 51 L. R. A., N. S., 151; *Green v. Frick, supra; Van Arsdale-Osborne Brokerage Co. v. Martin,* 81 Kan. 499, 106 Pac. 42; *Clause v. Columbia Savings & Loan Assn.,* 16 Wyo. 450, 95 Pac. 54; *Snyder v. Miller, supra; Spesard v. Spesard,* 75 Kan. 87, 88 Pac. 576; *McFadden v. Brandon,* 8 Ont. L. R. 610; *San Antonio Real Estate Bldg. & Loan Assn. v. Stewart,* 94 Tex. 441, 86 Am. St. 864, 61 S. W. 386; *Douthitt v. Farrell,* 60 Kan. 195, 56 Pac. 9; *Dodge v. Signor,* 18 Tex. Civ. App. 45, 44 S. W. 926; *Ryan v. Caldwell,* 106 Ky. 543, 50 S. W. 966; *Moore v. Sargent,* 112 Ind. 484, 14 N. E. 466; *Harrison Machine Works v. Reigor,* 64 Tex. 89; *First Nat. Bank v. Peck,* 8 Kan. 660; *Hemp v. Garland,* 4 Q. B. 518; *Reeves v. Butcher,* L. R. 2 Q. B. 509.

We are referred to the following cases as holding that the accelerating clause contained in the note was for the benefit of the creditor, and that while not therein so expressed, it is purely optional to declare the whole amount due, both principal and interest, and bring suit to collect the same: *Lowenstein v. Phelan,* 17 Neb. 429, 22 N. W. 561; *Keene Five Cent Savings Bank v. Reid et al.,* 123 Fed. 221, 59 C. C. A. 225; *Belloc v. Davis,* 38 Cal. 242; *Watts*

*v. Hoffman,* 77 Ill. App. 411; *Watts v. Creighton,* 85 Iowa, 154, 52 N. W. 12; *Fletcher v. Daugherty,* 13 Neb. 224, 13 N. W. 207; *Batey v. Walter* (Tenn. Ch. App.), 46 S. W. 1024; *Doran v. O'Neal* (Tenn. Ch. App.), 37 S. W. 563; *Richardson v. Warner,* 28 Fed. 343; *Nebraska City Nat. Bank v. Nebraska City Hydraulic etc. Co.,* 14 Fed. 763, 4 McCrary, 319; *Blakeslee v. Hoit,* 116 Ill. App. 83; *Quackenbush v. Mapes,* 123 App. Div. 242, 107 N. Y. Supp. 1047; *Core v. Smith,* 23 Okl. 909, 102 Pac. 114; *Weinberg v. Naher,* 51 Wash. 591, 99 Pac. 736, 22 L. R. A., N. S., 956; *Scott v. Blades Lumber Co.,* 144 N. C. 44, 56 S. E. 548; *Mason v. Luce,* 116 Cal. 232, 48 Pac. 72; *Richards v. Daley,* 116 Cal. 336, 48 Pac. 220. And see also: *Wall v. Marsh,* 9 Baxt. (Tenn.) 438; *White v. Krutz,* 37 Wash. 34, 79 Pac. 495; *Hall v. Jameson,* 151 Cal. 606, 121 Am. St. 137, 91 Pac. 518, 12 L. R. A., N. S., 1190; *Twin Falls Oakley Land & Water Co. v. Martens et al.,* 271 Fed. 428.

According to some of the authorities cited by appellant an accelerating clause, such as the one in the case at bar, is regarded as being in the nature of a penalty or forfeiture which may be waived by the creditor. Such a construction is contrary to the weight of authority. (*Mullen v. Gooding Im. & Hdw. Co.,* 20 Ida. 348, 118 Pac. 666; *San Antonio R. E. B. & L. Assn. v. Stewart, supra;* 1 Pomeroy, Equity Jurisprudence, sec. 439.)

In other cases it is held that an accelerating clause in a note or contract is for the benefit of the payee, and may be enforced or waived at his option. In our opinion to so hold would be, by construction, to read into the contract a provision not contained therein and result in making a contract to take the place of the one made by the parties. (*Snyder v. Miller, supra.*)

Other cases suggest certain inequitable results which might flow from an adherence to the rule as announced in *Canadian Birkbeck etc. Co. v. Williamson, supra,* and conclude therefrom that the accelerating clause should not be construed in accordance with its terms. Such considerations are not convincing. The cases of supposed hardship are as

likely to be contrary to the real facts as in accordance therewith. And in all proper cases, equity may afford relief. (See *Sire v. Wightman,* 25 N. J. Eq. 102; *Adams v. Rutherford,* 13 Or. 78, 8 Pac. 896.)

It is contended that since respondent paid the taxes levied against the premises continuously until the year 1918 he should not be permitted to take advantage of the statute of limitations. The payment of taxes alone would not toll the running of the statute. No representations in connection with the payment of taxes or other circumstances are shown which created an estoppel, or caused a modification of the contract.

The judgment is affirmed. Costs awarded to respondent.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing or take part in the opinion.