(No. 4797. January 2, 1928.)

## M. M. PREWETT, Respondent, v. FIRST NATIONAL BANK OF HAGERMAN, a Corporation, Appellant.

[262 Pac. 1057.]

BANKS—SPECIAL DEPOSITS—NOTICE TO BANK OFFICIALS—ACTION TO RECOVER DEPOSITS—STATUTE OF LIMITATIONS—BILLS AND NOTES—INDORSEMENT BY PAYEE—REPOSSESSION—RIGHT TO RECOVER.

1. C. S., sec. 6610, limiting time for commencing action on contract or obligation not in writing, sec. 6611, subd. 3, relating to actions for taking property, and sec. 6611, subd. 4, relating to actions for relief on ground of fraud or mistake, *held* inapplicable to action to recover deposit made in bank for plaintiff which bank credited on depositor's note to bank; sec. 6617, specifying four-year period for cases not otherwise provided for, being applicable.

2. Under C. S., sec. 6616, where an action is brought to recover money or property deposited with bank or banker, limitation under sec. 6617 does not begin to run until after demand by depositor, even though deposit is special.

3. When money is deposited in bank to be paid to third person, such deposit is "special deposit."

4. When money is appropriated by depository to its own use, in no event does C. S., sec. 6617, limiting time of commencing actions to recover deposits, begin to run until date of conversion.

5. C. S., sec. 6617, limiting time of commencing actions to recover deposits, can never begin to run until cause of action has accrued.

6. Where bank depositor deposited sum in bank to be paid to plaintiff about March 6, 1920, and on March 17, 1920, bank credited depositor's note to bank with amount, and plaintiff first made demand on bank for money after that date, which was less than four years before action was commenced, plaintiff's action to recover deposit was not barred by C. S., secs. 6616, 6617, providing for commencement of action within four years, since statute did not begin to run until plaintiff made demand for money and it could not begin to run until bank transferred amount and credited it on note.

7. When negotiable instrument, after it has been indorsed, comes again into possession of payee, he is entitled to recover thereon regardless of condition as to its indorsement unless defendant can establish plaintiff's want of title.

8. Bank had knowledge that deposit made by mortgagor to be paid to plaintiff mortgagee was proceeds of mortgaged property, where cashier having knowledge of transaction so notified new cashier and new president of bank when bank changed hands.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to recover deposit. Judgment for respondent. *Affirmed.*

James R. Bothwell and W. Orr Chapman, for Appellant.

"To actions brought to recover money or property deposited with any bank, banker, trust company or savings and loan society, no limitation begins to run until after an authorized demand." (C. S., sec. 6616; Kerr's Code of Civil Proc., part 1; *Bell v. Bank of California*, 153 Cal. 234, 94 Pac. 889; *Lord v. Morris*, 18 Cal. 482; *Miller & Lux v. Batz*, 131 Cal. 402, 63 Pac. 680; *Banks v. Stockton*, 149 Cal. 599, 87 Pac. 83.)

"And it is immaterial whether equitable or legal relief is sought." (*Williams v. Southern Pacific Co.*, 150 Cal. 624, 89 Pac. 599.)

Publisher's Note.

2. Necessity of demand in order to start statute against action for bank deposit, see note in 2 L. R. A., N. S., 571. See, also, 3 R. C. L. 569. Running of statute of limitations against action to recover deposit, see note in 4 Ann. Cas. 1146.

3. What is special deposit as distinguished from general deposit, see notes in Ann. Cas. 1913E, 45; Ann. Cas. 1918B, 390. See, also, 3 R. C. L. 519.

7. See 21 R. C. L. 669.

8. See 3 R. C. L. 475.

See Banks and Banking, 7 C. J., sec. 134, p. 530, n. 71; sec. 307, p. 632, n. 8; sec. 367, p. 665, n. 78.

Bills and Notes, 8 C. J., sec. 1091, p. 831, n. 72.

Limitations of Actions, 37 C. J., sec. 147, p. 800, n. 39; sec. 196, p. 842, n. 62; sec. 197, p. 843, n. 67.

"A deposit is complete when the money passes from the possession of the depositor into the possession of an agent of the bank, within the bank, and during banking hours." (7 C. J., p. 637, sec. 318, and cases cited; pp. 639, 640, sec. 323, and cases cited; *Fidelity State Bank v. North Fork H. Dist.*, 35 Ida. 797, 31 A. L. R. 781, 209 Pac. 449; 7 C. J., p. 631, sec. 307, and cases cited; *Dearing v. Hockersmith*, 25 Ida. 140, 136 Pac. 994; *Duckett v. Nat. Mechanics' Bank*, 86 Md. 400, 63 Am. St. 513, 38 Atl. 983, 39 L. R. A. 84.)

"The fact that there are checks outstanding given by the depositor in favor of third persons, does not deprive the bank of the right to apply the deposit on its debt; but there is no right of set-off as against a check which has been actually presented before the set-off is made." (7 C. J., p. 661, sec. 361, pp. 642, 643, sec. 328, p. 673, sec. 382, pp. 833, 834, sec. 798, and cases cited.)

"Of course there can be no recovery against a bank based on a representation of an officer, even if chargeable to the bank, where plaintiff fails to show that he was injured thereby." (7 C. J., pp. 530, 531, sec. 131, p. 552, sec. 163, at p. 556.

A cashier of a national bank could not guarantee the payment of a debt of a third party, so as to bind the bank, where the bank received no benefits therefrom.

James & Ryan, for Respondent.

An action upon a contract, obligation or liability not founded upon an instrument of writing may be brought within four years. (C. S., secs. 6616, 6617.)

In an action brought to recover money deposited at a bank no limitation begins to run until after an authorized demand. (C. S., sec. 6616; *Bates v. Capital State Bank*, 18 Ida. 429, 110 Pac. 277.)

Such a statutory provision applies to special deposits as well as general deposits. (7 C. J., p. 665; *Larsen v. Utah Loan & Trust Co.*, 23 Utah, 449, 65 Pac. 208.)

Where a person deposits money at a bank to be paid to a third person, such deposit is a special deposit. (*Russell v. Bank of Nampa,* 31 Ida. 59, 169 Pac. 180; *Powder Valley State Bank v. Hudelson,* 74 Or. 191, 144 Pac. 494.)

The statute of limitations can never begin to run until a cause of action has accrued. (*Canadian Mortgage & Sav. Co. v. Williamson,* 32 Ida. 624, 186 Pac. 916; *Rawleigh Medical Co. v. Atwater,* 33 Ida. 399, 195 Pac. 545; *Perkins v. Swain,* 35 Ida. 485, 34 A. L. R. 894, 207 Pac. 585.

When money is appropriated by a depositary to his own use, in no event does the statute of limitations begin to run until the date of the conversion. (27 C. J., p. 842.)

Notice to the cashier of a bank is notice to the bank unless the cashier at the time is acting in his own interests adversely to the bank. (*New England Nat. Bank v. Hubbell,* 41 Ida. 129, 238 Pac. 308; *Christie v. Sherwood,* 113 Cal. 526, 45 Pac. 820.)

Knowledge of the cashier of a bank of the existence of an unrecorded mortgage is imputed to the bank and is knowledge of the bank itself. (*Christie v. Sherwood, supra.*)

When a negotiable instrument, after it has been indorsed, comes again in the possession of the payee, he is entitled to recover thereon, regardless of its condition as to indorsement, unless the defendant can establish the plaintiff's want of title. (21 R. C. L., p. 669 (13) and cases there cited.)

FEATHERSTONE, C.—On September 2, 1919, one Henry Hosac purchased from M. M. Prewett, plaintiff herein, at public sale, nineteen head of cattle. In payment therefor, Hosac and wife executed to plaintiff a chattel mortgage on the cattle to secure the note. The sale was clerked by C. W. Stringfield, then cashier of the defendant bank, the note and mortgage being prepared by him, executed at his request, and left in the bank until June or July, 1921. In March, 1920, plaintiff indorsed the note to J. W. Miller and received full value therefor. When plaintiff paid the loan from Miller in June or July, 1921, the note was re-

turned to plaintiff and has been in his possession at all times since.

On March 6, 1920, Hosac sold twelve head of cattle for $733.12, ten head being cattle covered by plaintiff's mortgage. The sale was made without the knowledge or permission of plaintiff and he did not learn of it until several days after, when Hosac told him. At that time, Hosac advised plaintiff that the money received from the cattle covered by plaintiff's mortgage, in the sum of $555.50, was in the defendant bank for plaintiff. A check, representing the total proceeds of the sale, was indorsed by Hosac and delivered to the bank with instructions to apply $555.50 thereof on plaintiff's note, Hosac explaining to the bank that the $555.50 was the selling price of the cattle covered by plaintiff's mortgage. Stringfield placed the money in Hosac's account, waiting for Hosac to give Prewett a check for it.

On March 15, 1920, the bank changed hands. Stringfield retired as cashier and one H. O. Frazier took his place. At this time, Stringfield advised the new cashier and the new president of the bank that the money received from the proceeds of the cattle covered by the Prewett mortgage, then on deposit in the bank in Hosac's name, belonged to Prewett and that the bank had no right to it. On March 17, 1920, Frazier, the then cashier, charged the account of Hosac, containing the $555.50 belonging to plaintiff, with $650, and applied that amount on a $3,000 note, secured by a mortgage, which Hosac owed the bank, leaving less than $7 in Hosac's account. Plaintiff did not learn that the bank had applied the $555.50 on Hosac's note to the bank until some time after Frazier had become cashier, when he made a demand on the bank for the money. Frazier advised plaintiff that it had been applied on Hosac's note to the bank, and that Hosac had some stuff left and when it was sold, the bank would take care of the indebtedness to plaintiff, but the bank has never paid the $555.50 or any part thereof to plaintiff. On April 20, 1920, a pay-

ment of $364.40 was made on plaintiff's note. This amount was realized at a forced sale made by the defendant of all of Hosac's livestock, including the remainder of the cattle covered by plaintiff's mortgage. Hosac is insolvent and has left the state.

Plaintiff instituted this action to recover the $555.50 deposited in the defendant bank for him about March 6, 1920. The matter was submitted to a jury, a verdict was rendered for plaintiff, and this appeal is from the judgment rendered thereon.

Appellant first contends that the court erred in sustaining respondent's demurrer to appellant's first and second affirmative defenses, pleading the bar of the statute of limitations, C. S., sec. 6610 and subdivisions 3 and 4 of C. S., sec. 6611; and that the court erred in striking out said affirmative defenses.

C. S., sec. 6610, provides that "An action upon a contract, obligation or liability not founded upon an instrument of writing . . . . " must be brought within four years.

C. S., sec. 6611, subd. 3, provides that "An action for taking, detaining or injuring any goods or chattels, including actions for specific recovery of personal property" must be brought within three years.

C. S., sec. 6611, subd. 4, provides that "An action for relief on the ground of fraud or mistake. The cause of action in such case is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Here also the action must be brought within three years.

[1-5] We find no error on the part of the trial court either in sustaining the demurrer or in striking the affirmative defenses, being of the opinion that neither of the sections of the statute above quoted are applicable to this case but that C. S., secs. 6616 and 6617 are controlling. This court held in the case of *Bates v. Capital State Bank,* 18 Ida. 429, 110 Pac. 277, that under the provisions of C. S., sec. 6616, where an action is brought to recover money or

property deposited with a bank or banker, the statute of limitations does not begin to run until after demand by the depositor. It has also been held that such a statutory provision applies to special deposits as well as to general deposits. (7 C. J. 665, sec. 367; *Larsen v. Utah Loan & Trust Co.*, 23 Utah, 449, 65 Pac. 208.) And when money is deposited in a bank to be paid to a third person, such a deposit is a special deposit. (*Russell v. Bank of Nampa*, 31 Ida. 59, 169 Pac. 180; *Powder Valley State Bank v. Hudelson*, 74 Or. 191, 144 Pac. 494.) When money is appropriated by a depository to its own use, in no event does the statute begin to run until the date of the conversion. (37 C. J. 842, sec. 196.) The statute of limitations can never begin to run until a cause of action has accrued. (*Canadian Birkbeck Inv. & Sav. Co. v. Williamson*, 32 Ida. 624, 186 Pac. 916; *Rawleigh Medical Co. v. Atwater*, 33 Ida. 399, 195 Pac. 545; *Perkins v. Swain*, 35 Ida. 485, 34 A. L. R. 894, 207 Pac. 585.)

[6] The defendant's witness, Frazier, testified that he transferred the $650, which included the $555.50 belonging to respondent, from Hosac's account to the bank, and credited Hosac's note to the bank with that amount, on the 17th of March, 1920. Respondent first made demand on the bank for the money after that date, which was less than four years before this action was commenced. The statute did not begin to run until the plaintiff made a demand for the money, and it could not begin to run until after Frazier transferred it to the bank. The action was, therefore, brought in time.

[7] With respect to respondent not being the owner and holder of the note on March 17, 1920, the date Frazier transferred the sum of $650 from Hosac's account to the bank, the record shows that respondent indorsed the note to Miller as security for a loan; that respondent repaid Miller in June or July, 1921, and the note, having previously been in the possession of the bank, was then delivered to respondent. The mortgage was never assigned to Miller.

When a negotiable instrument, after it has been indorsed, comes again into the possession of the payee, he is entitled to recover thereon, regardless of its condition as to indorsement, unless the defendant can establish the plaintiff's want of title. (21 R. C. L. 669.)

[8] There is no merit in the contention that the bank had no knowledge that the deposit was the proceeds of mortgaged property. The cashier Stringfield was fully advised of the source of the money deposited by Hosac; that the note and mortgage were in the bank and were being held for respondent, and Stringfield so notified the new cashier and new president of the bank of that fact when the bank changed hands. This court held, in *New England National Bank v. Hubbell*, 41 Ida. 129, 138, 139, 238 Pac. 308, that notice to the cashier is notice to the bank, unless the cashier is at the time acting in his own interest, adversely to the bank. See, also, *Christie v. Sherwood*, 113 Cal. 526, 45 Pac. 820.

No error being committed by the trial court, the jury having returned a verdict for respondent based on conflicting evidence, and competent evidence having been submitted to sustain the verdict, we recommend that the judgment of the trial court be affirmed with costs to respondent.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.