A. M. McPHAIL PIANO COMPANY *vs.* BENJAMIN F.
MESERVEY.

Suffolk.   November 16, 1896. — March 30, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Indemnity Bond — Action — Defence.*

In an action against the surety on a bond conditioned that it was to become void
only in case the principal should, within nine months after notifying the plain-
tiff, or the plaintiff notifying the principal, of a desire to close the account be-
tween them, pay the balance due the plaintiff, or any notes given in settlement
of the account, the action having been brought more than nine months after the
plaintiff notified the principal of a desire to close the account, it is no defence
that the surety was not notified of such desire.

CONTRACT, upon a bond executed to the plaintiff by M. C.
Meservey as principal, and by the defendant as surety, and condi-
tioned that, whereas the principal had or might purchase pianos
of the plaintiff, if the principal should, within nine months from
the time he notified the plaintiff or the plaintiff notified him of
a desire to close the account, pay any balance due the plaintiff,
or any notes which he might have given in settlement for any
pianos purchased of the plaintiff, the obligation was to be void.

At the trial in the Superior Court, before *Hammond,* J., the
defendant asked the judge to rule that the plaintiff was bound
to notify the defendant of its desire to close the account with the
principal; and that the defendant was not liable in an action
upon the bond until nine months after such notification had
been given.   The judge declined so to rule, and directed the
jury to return a verdict for the plaintiff; and the defendant
alleged exceptions, which appear in the opinion.

*T. I. Hogan,* for the defendant.

*C. F. Choate, Jr.,* for the plaintiff.

LATHROP, J.   The defendant contends that at the time the
action was brought no liability on his part as surety had arisen.
By the condition of the bond in suit it was to become void only
in case the principal on the bond should, within nine months
after notifying the plaintiff, or the plaintiff notifying the prin-
cipal, of a desire to close the account between them, pay the

balance due the plaintiff, or any notes given in settlement of the account. There is nothing in the condition of the bond in regard to notifying the surety of a desire to close the account. The suit was brought more than nine months after the plaintiff notified the principal of a desire to close the account; and so far as the terms of the bond are concerned, there is no defence to the action.

The defendant offered to prove that, at the time he sent the bond with his signature, he wrote a letter to the plaintiff in which he said, " I want you to notify me of all purchases made and the conditions of the same, so that I may know exactly my liability "; that on the next day the plaintiff answered this by writing, " We will keep you posted as to what is done, and believe that we need not trouble you in the least by the business that we shall do "; that subsequently the bond was returned to the defendant to have the date written in ; and that the defendant was afterwards notified of all the business transacted between the plaintiff and the principal, but was not notified of the plaintiff's desire to close the account nine months before suit was brought.

The short answer to this contention is, that, even if the letters, being written before the bond was finally delivered, could be admissible in evidence, the defendant merely requested the plaintiff to notify him of all purchases made and the conditions of the same, and this request was complied with. No further request was made.

The ruling of the court below was therefore right; and the order must be,

*Exceptions overruled.*