(122 App. Div. 548.)

## MURPHY v. HART.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. GUARANTY—ACTION—COMPLAINT.

A complaint alleged that plaintiff agreed with H. to sell and convey, and H. agreed to purchase, certain real estate on a named date; that on the same day, to induce plaintiff to execute the contract, the defendant executed and delivered to the plaintiff an instrument, whereby she guaranteed that H. would be prepared and willing to carry out the contract; that at the time fixed plaintiff was ready and willing to carry out the agreement, but that H. refused to perform, whereby the plaintiff suffered damage. *Held*, that the complaint stated a cause of action on a guaranty that H. would perform the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 99.]

2. VENDOR AND PURCHASER — BREACH OF CONTRACT — ACTION BY VENDOR — PLEADING—PERFORMANCE BY PLAINTIFF.

Under Code Civ. Proc. § 533, providing that in pleading performance of a condition precedent in a contract the facts constituting performance need not be stated, but the party may state generally that he duly performed all the conditions on his part, the allegation in a complaint on a contract to convey land by a deed, with the usual covenants, that plaintiff has duly performed each and every one of the terms of the agreement on her part to be performed, is a sufficient allegation of a tender by the plaintiff of the deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 1039.]

3. GUARANTY—CONSTRUCTION.

In construing a guaranty, the words are to be given their ordinary significance to reach the intention of the parties, and effect must be given to such intention, and as a general rule, if the construction is ambiguous, it is to be construed against the guarantor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 28.]

**4. SAME—SCOPE AND EXTENT OF LIABILITY.**
> Where defendant guaranteed that H. would be ready and willing to carry out a certain contract with plaintiff, this was equivalent to a guaranty that he would perform the contract; and was not a mere contract of indemnity, and no notice of H.'s default was necessary to render defendant liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 56.]

Appeal from Special Term.

Action by Ida F. Murphy against Frieda Hart to recover for damages resulting from a breach of contract. From an interlocutory judgment overruling a demurrer to plaintiff's amended complaint, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William V. Goldberg, for appellant.
Wm. M. Seabury and Max D. Steuer, for respondent.

INGRAHAM, J. This complaint alleges that the plaintiff on the 21st of April, 1904, entered into an agreement with one Max Hart, a copy of which is annexed to the complaint. By this agreement the plaintiff agreed to sell and convey, and Max Hart agreed to purchase, a certain piece of real property located in the city of New York, for the sum of $27,000, balance by taking said property subject to a mortgage of $22,000, the plaintiff to deliver to Max Hart a proper deed containing the full covenants and warranty, said deed to be delivered on the 30th of December, 1904. On the same day, to induce the plaintiff to execute this contract, the defendant executed and delivered to the plaintiff an instrument whereby she guaranteed that:

> "Max Hart, the purchaser mentioned in this contract, will be prepared and willing to carry out the within contract on the specified date, or on such adjourned date as they mutually set or agree upon, provided that the said property shall, so far as the title is concerned, remain unchanged."

It is further alleged that at the time and place fixed for performance by the terms of the said contract, to wit, on the 30th day of December, 1904, the plaintiff was ready, able, and willing to carry out each and every one of the terms of the said agreement, but that the said Max Hart was not prepared or willing, and failed and refused to carry out the said contract, and did not carry out the same; that on the said 30th of December, 1904, the said property, so far as the title thereto was concerned, remained unchanged, and that the said plaintiff has duly performed each and every one of the terms of the agreement on her part required to be performed; that the property mentioned did not exceed in value $300 over and above the incumbrances thereon, to which the said Max Hart was to take the property subject. Therefore the plaintiff was damaged in the sum of $4,700, for which amount judgment was demanded. The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and this demurrer was overruled at Special Term.

Max Hart agreed to pay $5,000 in cash on the delivery of the deed, which should contain the usual full covenants and warranty, and suffi-

cient for conveying the fee simple of the premises free from all incumbrances, except the mortgage for $22,000. There can be no question but that, upon the tender of a deed by the plaintiff which insured such a title, Max Hart would be liable to the plaintiff for that sum of $5,000, and the plaintiff could have maintained an action at law to recover that amount. The defendant guaranteed that Max Hart "will be prepared and willing to carry out the within contract on the specified date." By the demurrer, the defendant admits that the plaintiff was ready, able, and willing to carry out the said agreement, but that the said Max Hart was not prepared or willing, and failed and refused, to carry out the said contract, and did not carry out the same. The allegation that the plaintiff has "duly performed each and every one of the terms of the agreement, on her part required to be performed," is a sufficient allegation of a tender by the plaintiff of the deed. Section 533 of the Code of Civil Procedure provides:

"In pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance; but the party may state, generally, that he or the person whom he represents, duly performed all the conditions on his part."

Here the condition on the part of the plaintiff to entitle her to recover from Max Hart was that she should tender him a deed of the premises. That was the condition precedent of any liability of Max Hart to the plaintiff, and, if the obligation of defendant was a guarantee of performance, I do not see that there is any distinction between the performance of a contract necessary to hold a contracting party and that necessary to hold a guarantor. In construing a guaranty, like the construction of any other written instrument, the words used are to be given their ordinary significance to arrive at the intention of the parties, and the effect must be given to such intention. As a general rule, in the construction of such agreements, if the instrument contains any ambiguous words or expressions, it is to be construed against the surety, and not against the plaintiff. Jackson v. Swart, 182 N. Y. 373, 75 N. E. 226; Smith v. Molleson, 146 N. Y. 241, 42 N. E. 669. The question here is what did the parties mean when the defendant guaranteed that her principal would be "prepared and willing to carry out" the contract? The defendant certainly intended to guarantee something; and to give any effect to such an instrument it must, I think, be held that the intention was to guarantee performance. If a person is ready and willing to carry out a contract, the presumption certainly is that he will perform. In Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82, the obligation of a surety is examined with care and the authorities collated. The obligation of the court in considering an instrument of this kind to get at what the parties intended irrespective of the express form of the instrument is recognized. The court there said:

"In this respect, the case differs from those cases where an individual agrees to do a particular thing, such as to pay money to a third party in exoneration and discharge of the original liability of his principal to such third party. In such case, it may be conceded that the right of action becomes complete on the defendant's failure to do the particular thing he agreed to do."

If, therefore, this agreement was, as I construe it, a guaranty that Hart would perform the contract, upon his failure to perform there arose a cause of action in plaintiff's favor against the defendant for the damages sustained by reason of his failure to perform, which was itself an original contract of the defendant, and for the damages which flowed from Max Hart's failure to perform the defendant was liable. The contract cannot be construed as one of indemnity only. There is no reason why the defendant should not guarantee that Max Hart would perform, and, having guaranteed such performance, his failure to carry out the contract at once imposed an obligation upon the defendant to respond to the damages caused by the nonperformance against which the defendant had guaranteed. No notice of default, therefore, was necessary; but an independent obligation arose upon the failure of Max Hart to perform the contract.

The option that defendant reserved to avail herself of Max Hart's control if he failed to perform, so that she could acquire the property for herself, confirms the construction that there was an obligation on her to perform if Max Hart did not. By performing, she could release herself from the obligation to respond from the damages that flowed from his default. This guaranty related to the contract with Max Hart. It guaranteed performance on the "specified date," or the adjourned date. The complaint alleges that at the specified date Max Hart was not prepared or willing, "and failed and refused, to carry out said contract." Defendant had notice of the day Max Hart was to perform. She was not entitled to notice of the "specified day," and, if she wished to exercise her option to acquire the property, she was bound to be there ready to perform.

I think, therefore, that a good cause of action was alleged, and that judgment should be affirmed, with costs, with leave to defendant to answer within 30 days on payment of costs in this court and in the court below. All concur.