CUMBERLAND GLASS MANUFACTURING COMPANY *vs.*
CHARLES M. WHEATON & others.

Suffolk.  January 12, 1911. — April 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, What constitutes, Construction. *Guaranty. Agency. Damages*, In contract.

In an action by a glass manufacturing corporation against the guarantors of the performance of a contract by a certain corporation to purchase two thousand gross of bottles to be made for it by the plaintiff, it appeared that the purchasing corporation had no financial rating and that guarantors were required by the plaintiff, that the names of the defendants as guarantors were submitted to and approved by the home office of the plaintiff, that a contract containing a guaranty clause was prepared on one of the regular forms used by the plaintiff and was delivered to the treasurer of the purchasing corporation, that this contract was signed by the defendants as guarantors but was not signed by the purchasing corporation itself, that it was delivered by the treasurer of that corporation to the plaintiff's manager, who in the presence of such treasurer indorsed upon it the plaintiff's acceptance, that the treasurer of the purchasing corporation by virtue of his office had authority to act for that corporation in all matters pertaining to its usual course of business and it did not appear that this authority was restricted by any vote or by-law. It was stipulated in the contract that it should not be binding until accepted at the plaintiff's home office, to which it was forwarded for indorsement. The plaintiff did not execute an indorsement of the contract at its home office, but retained it and never gave any notice of disaffirmance, and proceeded to perform the contract by manufacturing and delivering a part of the bottles, when its further performance was prevented by a repudiation of the contract by the purchasing corporation. *Held*, that these facts showed a delivery of the contract in behalf of the purchasing corporation and an acceptance of the contract by the plaintiff, the ratification of the act of the plaintiff's manager being sufficient without an execution of the instrument at the plaintiff's home office.

In an action against four guarantors of the performance by a certain corporation of a contract to purchase two thousand gross of bottles of a specified kind to be made for it by the plaintiff, if it appears that the contract of sale and guaranty was signed by all of the four defendants and was delivered to the plaintiff by one of them, who had acted with full authority from the other three and who knew that the contract of sale and guaranty was accepted unconditionally by the plaintiff, it is not necessary for the plaintiff to show that he gave notice to the defendants of his acceptance of the guaranty.

In an action against the guarantors of the performance by a certain corporation of a contract to purchase two thousand gross of bottles of a certain kind to be made for it by the plaintiff, where it appears that the delivery and acceptance of the contract of purchase containing the guaranty signed by the defendants were absolute and unconditional and that, after the plaintiff had manufactured certain bottles for the purchasing corporation in accordance with the terms of the contract and had delivered a part of them and had others ready for delivery, the purchasing

corporation failed to pay for the bottles delivered and notified the plaintiff that it would not receive or pay for any more bottles, the plaintiff need not show that he gave notice of these facts to the defendants, his proof of the default of their principal being sufficient.

In an action against a guarantor of the performance of a contract to purchase goods from the plaintiff, the defendant can set up the defense that he was not notified by the plaintiff of the default of his principal only where he can show that he was or might have been prejudiced by the failure to notify him of the principal's default. In the present case, where the nature of the contract was such that no notice of default was necessary, it appeared affirmatively that the plaintiff had resorted to all the possible remedies against the principal, so that, even if he had been given the notice of default to which he was not entitled, he would have been no better off.

In an action against the guarantors of the performance by a certain corporation of a contract to purchase two thousand gross of bottles of a certain kind to be made for it by the plaintiff, where the plaintiff shows that the contract of guaranty was absolute and unconditional, and that, after he had manufactured a certain number of bottles for the purchasing corporation in accordance with the terms of the contract, had delivered a part of them and had others ready for delivery, the purchasing corporation failed to pay for the bottles delivered and notified the plaintiff that it would not receive or pay for any more bottles, the plaintiff is entitled to recover from the defendants not only the price of the bottles delivered to the purchasing corporation but also damages for the loss suffered by the plaintiff by reason of the purchasing corporation's breach of contract in refusing to take the remainder of the bottles called for by the contract.

In an action against the guarantors of the performance of a contract for the purchase by a certain corporation of two thousand gross of a certain kind of bottles to be manufactured for it by the plaintiff, where the plaintiff shows a breach of the contract by the purchasing corporation, after a part performance by the plaintiff, by the failure of the purchasing corporation to pay for the bottles already delivered to it and its refusal to take or pay for any more bottles under the contract, if the guaranty clause in the contract signed by the defendants provides that, in consideration of the plaintiff furnishing to the purchasing corporation various styles of bottles covered by the order, the defendants "guarantee the account" of the purchasing corporation, this phrase does not restrict the liability of the defendants to the plaintiff's loss by reason of the failure of the purchasing corporation to pay for the bottles delivered, where the whole instrument in connection with the circumstances under which it was executed shows a clear intention on the part of the defendants to guarantee the performance by the purchasing corporation of all its obligations under the contract.

In an action against the guarantors of the performance of a contract for the purchase by a certain corporation of two thousand gross of a certain kind of bottles to be manufactured for it by the plaintiff, where a breach of the contract by the purchasing corporation after a part performance by the plaintiff is shown and the plaintiff is entitled to recover from the defendants not only the price of bottles delivered but also the loss suffered by him by reason of a refusal of the purchasing corporation to take or pay for any more bottles under the contract, if there is a provision in the contract that specifications shall be submitted to the plaintiff from time to time for bottles to be made, and that the quantities for delivery during June, July and August shall be specified not later than March 1, "each delivery to be considered a separate contract," the contract being an entire one for the manufacture and sale of the whole two

thousand gross of bottles, this provision does not limit the plaintiff's right to recover damages for all the portion of the contract which has been repudiated by the purchasing corporation.

CONTRACT, in three counts, on an alleged guaranty by the defendants of the performance by the Yo-Yo Company, a corporation, of a contract by that company to buy, and of the plaintiff to manufacture and sell, two thousand gross of bottles of a peculiar and special shape and character and specially lettered and marked, the three counts of the declaration being described below. Writ in the Municipal Court of the City of Boston dated August 7, 1908.

The contract sued upon was as follows:

" Memorandum of sale executed in duplicate, July 18, 1907.

" The Cumberland Glass Manufacturing Company agree to sell and Yo-Yo Co. of Boston, Mass. agree to buy the following goods, per prices, terms, etc., specified below:

" Specifications are to be submitted to the said Cumberland Glass Mfg. Co. from time to time (beginning at once) for ware to be made, and the quantities for delivery during June, July, and August to be specified not later than March 1st, each delivery to be considered a separate contract.

" Terms, F. O. B. shipping point, with an allowance of 16 cents per 100 lbs. freight; 1% off ten days, net cash thirty days. Contracts contingent upon strikes, accidents, and other causes beyond the control of both parties.

" The amount of credit extended for goods shipped to be determined by the Cumberland Glass Mfg. Co. from time to time during the life of the contract, and upon violation of this contract by either party, the other party shall have the option to cancel the balance of contract.

" Breakage in transit and first filling should there be any, to be allowed only in excess of 5% of the shipment, in which the breakage occurs, and then only upon the goods being receipted for at destination as received in bad order.

" This contract not to be considered binding until accepted at the home office, Bridgeton, N. J.

" Two thousand (2000) gross of special soda bottles 7 1/2 oz. capacity and 13 oz. average weight variation between twelve and fourteen ounce, like model submitted by the Cumberland

Glass Co., bottles to be made in Light Green glass at $3.35 per gross. Goods to be taken packed in bulk in carload lots, prior to September first 1908 F. O. B. Bridgeton, N. J. freight allowed to Boston.

" It is understood and guaranteed that the quality and class of workmanship shall be satisfactory and that the bottles covering this order shall be made by Union workmen.

" The said Yo-Yo Co. have the privilege of cancelling any part up to and including fifty per cent of this order on or before January 20, 1908.

" In consideration of the Cumberland Glass Mfg. Co. furnishing The Yo-Yo Co. various styles of bottles covered by this order we or each of us guarantee the account of the said Yo-Yo Co.

" E. G. Bradshaw,    101 Tremont St. Boston.
C. M. Wheaton,    Winthrop Mass.
John Everett,    Canton Mass.
Alice H. Bradshaw, Gardner Mass."
" Accepted
" The Cumberland Glass Mfg. Co.
Per J. C. Shoemaker, Agt."

The first count of the declaration was for the price of three hundred and a fraction gross of bottles sold and delivered under the contract by the plaintiff to the Yo-Yo Company, for which that company failed to pay. The second count was to recover damages for the refusal of the Yo-Yo Company to receive any more bottles under the contract after the delivery and receipt of those mentioned in the first count. The third count, after alleging the failure of the Yo-Yo Company to pay for the bottles delivered and its repudiation of its contract with the plaintiff, alleged that the plaintiff at the time of the repudiation had manufactured on the order of the Yo-Yo Company under the contract two hundred and three gross of bottles which were ready for delivery, in addition to the three hundred and a fraction gross of bottles which had been delivered and were unpaid for. It further alleged the insolvency and the bankruptcy of the Yo-Yo Company.

On appeal to the Superior Court the case was tried before Aiken, C. J. By the terms of the contract the Yo-Yo Company had the privilege of cancelling fifty per cent of the order for

two thousand gross of bottles on or before January 20, 1908, but the notice of the Yo-Yo Company's inability to pay for the bottles was not sent until after that date and there was no previous cancellation.

No question was made that if the plaintiff was entitled to recover on the first count, it was entitled to recover the sum of $1,046.49; if it was entitled to recover on the second count it was entitled to the sum of $427.37; if entitled to recover on the third count it was entitled to recover a further sum of $639.02. If it was entitled to recover on all three counts, it was entitled to recover the sum of $2,000, the jurisdictional limit of the Municipal Court of the City of Boston in which the action was brought.

The liability of the defendants was based upon the concluding paragraph of the contract as quoted above. The contract never was signed by any one in behalf of the Yo-Yo Company but was signed by the four defendants.

Neither the defendant Wheaton nor any one representing him appeared at the trial and he was defaulted at the close of the evidence. The defendants F. G. Bradshaw, Everett, and Alice H. Bradshaw defended the case.

The important facts shown by the plaintiff's evidence are stated in the opinion. At the close of the plaintiff's evidence the attorney for the three contesting defendants stated that he did not desire to put in any evidence, but asked the Chief Justice to rule as follows:

1. There was no evidence that the defendants' guarantee was accepted by the plaintiff at its home office.

2. That there was no evidence that the plaintiff's agent, who signed an acceptance of the contract, was authorized so to do.

3. That no notice was given to these defendants of the acceptance of their guarantee.

4. That the plaintiff did not notify these defendants of any sales to the Yo-Yo Company.

5. That the plaintiff did not seasonably notify these defendants that that company did not pay for the goods delivered.

6. That by reason of the attachment of the property of the Yo-Yo Company, these defendants, not having been notified, were unable to secure themselves.

7. That as to the second and third counts the liability alleged is solely for damages, and not upon an " account," which alone, if at all, these defendants guaranteed.

The Chief Justice refused to make any of these rulings, and the contesting defendants excepted. They thereupon asked the Chief Justice to order a verdict in their favor, which he refused to do, and they again excepted.

The Chief Justice thereupon ordered the jury to return a verdict for the plaintiff in the sum of $2,000 against all of the defendants ; and the contesting defendants alleged exceptions.

*S. H. Tyng,* (*T. H. Mahony* with him,) for the contesting defendants.

*C. F. Dutch,* for the plaintiff.

BRALEY, J. The defendants having offered no evidence at the trial and having conceded at the argument that the testimony introduced by the plaintiff should be treated as conclusive proof of the facts, the verdict ordered and returned for the plaintiff must stand unless the rulings of law were erroneous.

The action is brought to recover from the contesting defendants as guarantors, a debt due to the plaintiff for glass bottles sold to their principal, the Yo-Yo Company, hereinafter referred to as the company, and for damages arising from a breach of the contract by the purchaser. Before the contract of sale, negotiations as to its terms and conditions were had with the plaintiff's local manager and the treasurer of the company. The company having no financial rating, guarantors were required, and the names of the defendants were submitted to and approved by the home office of the plaintiff. A contract on one of the regular forms used by the plaintiff, which contained not only the contract of sale but the clause of guaranty, was prepared and delivered to the treasurer and general manager of the company. It purports by the recitals in the first paragraph to be a contract between the respective corporations, and it is only in the last paragraph that the defendants in consideration of the plaintiff furnishing the company the "various styles of bottles covered by this order" guaranteed "the account." The declaration in each count alleges, that the contract was signed by the company, yet it was executed only by the defendants, and then delivered by the treasurer to the plaintiff's manager, who

apparently in his presence indorsed upon it the plaintiff's acceptance. But the intention of the treasurer to adopt and present it as the contract of the corporation is clear, and the defendants do not question that by virtue of his office he had authority to act in all matters pertaining to its usual course of business unless restricted by some vote or by-law, of which there is no evidence. *Fillebrown* v. *Hayward*, 190 Mass. 472, 480, and cases cited. It was stipulated in the contract that it should not be binding until accepted at the plaintiff's home office, to which it was forwarded after the indorsement. If the act of the manager was not within the scope of his agency, a written acceptance was not required, and the plaintiff never having given notice of disaffirmance and having manufactured and delivered a part of the bottles, there was sufficient proof that it not only accepted the agreement but independently ratified the act of its manager. *Springfield* v. *Harris*, 107 Mass. 532. *Beacon Trust Co.* v. *Souther*, 183 Mass. 413, 416.

But, if the contract of sale was accepted and the principals became bound, the defendants assert that they were not bound for want of notice to them of the acceptance of the guaranty. If the defendant's undertaking had been merely a contingent offer to become responsible, notice to them of the plaintiff's acceptance would have been necessary to complete the guaranty. *Mussey* v. *Rayner*, 22 Pick. 223. *Bishop* v. *Eaton*, 161 Mass. 496. The instrument, however, was executed and delivered by them to the treasurer, who was one of the guarantors, and the defendants do not contend that they were ignorant of its contents or of the purpose for which they signed or of the fact that it was to be delivered by him to the plaintiff. Having made the treasurer and co-guarantor their agent, they were bound by his acts in the formation and completion of the contract, and his knowledge of the plaintiff's acceptance or affirmation, as if they had been individually present. *Graham* v. *Middleby*, 185 Mass. 349, 355. *New-Haven County Bank* v. *Mitchell*, 15 Conn. 206. *Noyes* v. *Nichols*, 28 Vt. 159. *Nading* v. *McGregor*, 121 Ind. 465. The delivery and acceptance of the contract of sale and the incorporated contract of guaranty, which was absolute and unconditional, were contemporaneous, and the sale of the goods and the extension of credit in reliance upon the guaranty were consummated

as the parties intended by one connected transaction. A further or final notice of acceptance under these circumstances would have been a vain and useless act. *Paige* v. *Parker*, 8 Gray, 211. *Lennox* v. *Murphy*, 171 Mass. 370, 373. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527. *Bank of Newbury* v. *Sinclair*, 60 N. H. 100. *Smith* v. *Dann*, 6 Hill, 543. *Noyes* v. *Nichols*, 28 Vt. 159, 177, 178. *New-Haven County Bank* v. *Mitchell*, 15 Conn. 206, 218, 219. *Wise* v. *Miller*, 45 Ohio St. 388. *Mitchell* v. *McCleary*, 42 Md. 374. *Heyman* v. *Dooley*, 77 Md. 162. *Wills* v. *Ross*, 77 Ind. 1. *Frost* v. *Standard Metal Co.* 215 Ill. 240. *Davis* v. *Wells*, 104 U. S. 159. *Davis Sewing Machine Co.* v. *Richards*, 115 U. S. 524.

Nor was the plaintiff required to notify the defendants of sales made to their principal, or that, the company after the contract had been partially performed having given notice that it would be unable to pay for future deliveries in accordance with its terms, the plaintiff ceased further performance, but did not exercise the option of cancellation. It was said in *Vinal* v. *Richardson*, 13 Allen, 521, 527, where the doctrine invoked by the defendants is elaborately discussed by Wells, J., "It is true, there are authorities to the effect that a demand upon the party primarily liable, and notice of his default given to the guarantor, are necessary, before any action can be maintained upon the guaranty. But the better doctrine, and that which seems to us to be best supported, both upon reasoning and authority, is that demand and notice are not essential prerequisites to an action, and need not be alleged nor proved, unless the terms of the guaranty, or the nature of the thing guaranteed, require such proceeding, in order to [show] a proper fulfilment of the obligations imposed by the guaranty upon the party holding it, or in order to establish a default by the principal and a breach of the contract declared on. . . . It must be derived, if it exist, from the terms of the contract, or the nature and circumstances of the particular case, and not from the general rule." The contract guaranteed was specific as to the quantity of bottles to be manufactured, and the price, and there was no contingency under which credit could be so extended, at the option of the plaintiff, as to create a liability in excess of that contemplated and secured by the defendants. If the guaranty had

not been furnished, the contract would not have been made. It expressly formed part of the consideration, and the defendants must be held to have understood that the contract was to be performed according to its terms, by which no notice to them of either the debtor's failure to pay for goods delivered or refusal to receive and pay for goods manufactured but not delivered, was required. The plaintiff having proved a default by the principal, was not compelled to prove notice to the defendants of the default in order to recover. *Vinal* v. *Richardson*, 13 Allen, 521. *Watertown Fire Ins. Co.* v. *Simmons*, 131 Mass. 85. *Welch* v. *Walsh*, 177 Mass. 555. *A. M. McPhail Piano Co.* v. *Meservey*, 168 Mass. 209. *Smith* v. *Dann*, 6 Hill, 543. *New-Haven County Bank* v. *Mitchell*, 15 Conn. 206. *Mathews* v. *Chrisman*, 12 Sm. & M. 595. *Noyes* v. *Nichols*, 28 Vt. 159. *Dickerson* v. *Derrickson*, 39 Ill. 574. *Hitchcock* v. *Humfrey*, 5 Man. & G. 559. *Heyman* v. *Dooley*, 77 Md. 162. *Bank of Newbury* v. *Sinclair*, 60 N. H. 100, 106. *Wise* v. *Miller*, 45 Ohio St. 388. *Nading* v. *McGregor*, 121 Ind. 465. *Hubbard* v. *Haley*, 96 Wis. 578. *Goring* v. *Edmonds*, 6 Bing. 94.

But upon a narrower ground, the defendants' position is not well taken. The guarantor can insist upon the defense of want of notice only where he has been or may be prejudiced by the failure to notify of the principal's default. *Vinal* v. *Richardson*, 13 Allen, 521, 528. *Salisbury* v. *Hale*, 12 Pick. 415. *Bishop* v. *Eaton*, 161 Mass. 496. *Davis* v. *Wells*, 104 U. S. 159. The plaintiff upon the debtor's default diligently pressed for payment, and then brought suit and attached the company's property. The attachment was dissolved by proceedings in bankruptcy, and the plaintiff proved the claims demanded in the present action, and credited the dividend received. If the defendants upon notice had paid the indebtedness, adjusted the damages claimed and sued their principal, or proved in bankruptcy its liability to them, they would have derived no greater benefit than that conferred by the plaintiff's suit and proof.

But, if the plaintiff is entitled to recover, the defendants, while admitting their liability under the first count for the bottles delivered, deny that they are responsible in damages under the second and third counts for the company's breach of the contract. If the language of their obligation is restricted to bottles

delivered, they are right in this contention. It is however the intention of the parties to be ascertained from the whole instrument, viewed in connection with the conditions when the contract was made, which must control. *Bent* v. *Hartshorn,* 1 Met. 24, 25. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193. The contract of sale is entire, even if each delivery of bottles as the company called for them is stipulated to be a separate contract for which payment could be enforced. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476. It was not merely an obligation to pay the instalments as they became due, but an absolute promise to make the plaintiff whole for the full amount if the debtor defaulted. The measure of the plaintiff's recovery consequently is commensurate with the company's liability. The plaintiff could have sued the company for the breach, but it could not enhance damages by manufacturing bottles after notice that the company declined to accept them. It would have been entitled only to the difference between the market price and the contract price for bottles ready for delivery and bottles to be manufactured to the amount called for by the contract. *Barrie* v. *Quinby,* 206 Mass. 259. The defendants, however, if held in damages do not question the assessments, and the result is, that all their requests for rulings and their request that a verdict be ordered in their favor were rightly denied.

*Exceptions overruled.*