BARBER ASPHALT PAVING COMPANY *vs.* LUKE D. MULLEN & others.

Suffolk.    January 15, 1915. — February 26, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Guaranty.    Release.    Accord and Satisfaction.    Payment.*

In a suit in equity for the enforcement of a guaranty by the defendant of the payment to the plaintiff by a corporation of the price of certain goods shipped to the corporation by the plaintiff, it appeared that, in compliance with certain provisions of the contract, the plaintiff had given notices to the defendant as the payments came due, that before a final payment was made the plaintiff rendered to the principal debtor a statement which was incorrect in that it overstated the amount of a credit of which the plaintiff had given the debtor a memorandum, and understated the balance due, that the debtor forthwith sent the statement to the defendant, that the defendant caused the check of a stranger to the transaction for the erroneous balance to be sent to the plaintiff with a letter stating that it was sent as "the final payment" under the guaranty and requesting a return of the receipt to the maker of the check, that the plaintiff receipted the statement and returned it to the stranger with a letter stating that the check was received "in final settlement" of the account of the principal debtor, and that seven weeks later the error was discovered and the defendant was notified. *Held,* that there was no release or discharge of the principal debt nor any accord and satisfaction, and that the principal debt and the guaranty remained in force.

Where, in a suit in equity by a creditor to enforce a guaranty, a master finds that the plaintiff through a mistake rendered to the debtor a statement of a balance of the debt due which was too small by $3,600 and at the debtor's request the amount of the erroneous balance was paid to the plaintiff by the guarantor, that the guarantor was notified by the creditor of his mistake seven weeks later, that during the first three of those seven weeks there was a debt owing to the debtor by a stranger which the guarantor might have attached in an action against the debtor and that the debtor was insolvent during the seven weeks and at the time the suit was brought, the guarantor is not discharged, because he has failed to sustain the burden of proof, which was on him, of showing that, when notified of the creditor's error, he had lost any material pecuniary advantage against his principal which he might have enforced had no mistake been made by the creditor.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 23, 1914, to establish a debt alleged to be due to the plaintiff by reason of a guaranty by the defendant Mullen of the payment to the plaintiff of certain obligations of the Boston Paving Company,

and to reach and apply in payment of Mullen's debt shares of the capital stock of certain foreign corporations, which also were made defendants.

The guaranty was contained in a letter of Mullen to the plaintiff requesting it to make certain shipments of paving blocks to the Boston Paving Company and continuing as follows: "In consideration of such shipment the undersigned hereby guarantees payment of all moneys becoming due for wood blocks shipped under said order to the Boston Paving Company and agrees that in case of failure on the part of the Boston Paving Company to pay for same from time to time as shipments are made and payment covering same becomes due that he will promptly pay for same on receiving written notice from you within thirty days from the date or dates that any such payment or payments become due that same have not been paid."

The case was referred to David A. Ellis, Esquire, as master. Material facts stated in his report, which was confined to the facts bearing on the issue, whether the defendant Mullen was liable upon the guaranty, were as follows:

The paving blocks, which the defendant Mullen in the letter of guaranty requested the plaintiff to ship to the Boston Paving Company, were shipped, and the plaintiff gave Mullen due notice thereof. These shipments were made on August 6 and 26, November 21 and 24, 1913. Because of a dispute between the plaintiff and the Boston Paving Company as to the quality of certain of the blocks, an adjustment was made between them which resulted in the plaintiff giving to the Boston Paving Company on December 6, 1913, a credit memorandum amounting to $1,474.96. The Boston Paving Company did not communicate this fact to Mullen.

On December 31, 1913, the plaintiff sent to the Boston Paving Company a statement of account which contained an error in that the above described credit was stated as $4,986.86 instead of $1,474.96, and the balance due as $126.83 instead of $3,638.73. The Boston Paving Company sent this statement forthwith to the Suffolk Realty Company, and on January 12, 1914, the Suffolk Realty Company sent a check to the plaintiff for $126.83 in a letter enclosing the statement and stating that the check was sent as "the final payment from the Boston Paving Company

under the guarantee of L. D. Mullen." The plaintiff on January 13, 1914, wrote to the Suffolk Realty Company a letter enclosing the statement duly receipted and acknowledging the receipt of the letter "enclosing us check for $126.83 in final settlement of the account of the Boston Paving Company." On March 5, 1914, the plaintiff, having discovered the error in the account, notified Mullen of that fact.

Mullen was president of the Suffolk Realty Company. This was known to a broker employed by the plaintiff to make sales for it. It was not otherwise known to the plaintiff.

Mullen saw the statement of December 31, 1913, and ordered the payment to be made by the Suffolk Realty Company.

On January 13, 1914, Warren Brothers Company owed the Boston Paving Company $276.92, which it paid on February 4, 1914. The master found: "Mullen knew, between January 1 and March 6, that the Boston Paving Company were doing work for Warren Brothers Company, but not the particulars of what was done or what was due. He did not know till after March 6 that the above payment was due." "This sum might have been attached by the defendant Mullen, to secure him under his guarantee, if he had known of the mistake of the Barber Asphalt Paving Company."

"Except for the foregoing no change took place in the financial affairs of the Boston Paving Company or the defendant Mullen's relations with it between the date when the erroneous statement was sent to the Suffolk Realty Company and the date when the defendant Mullen received from the plaintiff notice of the mistake.

"The Boston Paving Company, at the time that notice was given to the defendant Mullen of the mistake, had no property whatever which the defendant Mullen could attach, or out of which he could secure reimbursement for the payment of his guarantee to the Barber Asphalt Paving Company. At the time said notice was given, and now, the Boston Paving Company was and is insolvent, owing more than $10,000, and it is impossible to obtain payment from it, either by the Barber Asphalt Paving Company, or by the defendant Mullen, under his guarantee."

*Loring*, J., made an interlocutory decree ordering Mullen to

pay to the plaintiff $3,748.36, with interest from November 10, 1914, and declaring that jurisdiction of the cause was retained for the purpose of enforcing the payment of this decree. The single justice then reported the case upon the bill, the answer of Mullen, the replication, the master's report, the interlocutory decree and Mullen's appeal therefrom for determination by the full court.

The case was submitted on briefs.

*J. E. Eaton & E. T. McKnight,* for the defendant Mullen.

*R. W. Hale,* for the plaintiff.

BRALEY, J. The defendant as guarantor became bound upon notice within thirty days from maturity for all moneys due the plaintiff from the sale of wood paving blocks to the principal debtor, and under the admissions in the answer, and the master's report, he is liable for the amount claimed unless relieved by the conduct of the plaintiff. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, and cases cited.

If by reason of a clerical error in bookkeeping the bill rendered to the principal debtor as a statement of the final payment was very largely below the amount actually owing, the acceptance of the check in settlement, and the sending of the letter with the statement receipted, did not release it from liability for the unpaid balance. *Grinnell* v. *Spink,* 128 Mass. 25. It also is immaterial that the check was made by a third party. The statement, even if returned at its request to the maker and sender of the check, was open to explanation by extrinsic evidence. *Hildreth* v. *O'Brien,* 10 Allen, 104. Nor was it a discharge in writing of the debt or an accord and satisfaction within the doctrine of *Guild* v. *Butler,* 127 Mass. 386, 390. The notice to the defendant upon discovery of the mistake having been given within thirty days from default and the debt still existing, there was a compliance with the terms of the guaranty. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425.

But it is further contended that as the debtor at the date of the notice of the mistake had no attachable property which he could reach for reimbursement, although at the time of sending the bill and check it had credits subject to trustee process, the defendant has been damnified by the plaintiff's negligence, and hence is discharged. It is clear, however, from the master's findings,

that the principal debtor had become insolvent, and the defendant on whom rested the burden of proof, failed to show that when notified of the error in computation with a demand for payment, he then had lost any material pecuniary advantage against his principal which might have been enforced, if the original statement of the final indebtedness had been as represented. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425. *Welch* v. *Walsh,* 177 Mass. 555.

The decree for the plaintiff must be affirmed with costs.

*Ordered accordingly.*