GEORGE LITTMAN, Appellant, *v.* HENRY L. BRITTAIN, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Statute of Frauds — written promise when sufficient under — guaranty.
 A letter from defendant to plaintiff requesting him to furnish certain labels to a third person, and promising to pay therefor if the third person did not, is a sufficient special promise to answer for the debt of another within the meaning of the Statute of Frauds and is binding upon defendant in the event that the third person fails or refuses to pay.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of

Appellate Term, First Department, June, 1917. [Vol. 100.

Manhattan, eighth district, entered upon the dismissal of plaintiff's complaint.

Albert M. Levy, for appellant.

Eppstein & Rosenberg (Harry A. Rosenberg and Leo C. Weiler, of counsel), for respondent.

WHITAKER, J. This action was brought against the defendant upon his written guaranty. The material allegations of the complaint briefly stated are that on August 30, 1916, plaintiff agreed to print for one George H. Proctor " 200,000 " ginger ale labels, for which Proctor agreed to pay plaintiff two dollars per 1,000 for the first 100,000 labels and one dollar and thirty cents per 1,000 for all the additional labels.

That the plaintiff agreed to print these labels and furnish the drawings and engravings for said George H. Proctor upon the express condition that the payment of the purchase price thereof should be guaranteed by Henry L. Brittain.

That on August thirtieth for a valuable consideration defendant Brittain agreed to and did guarantee plaintiff the purchase price for said labels, etc. That the plaintiff has printed and delivered the labels and fully performed his contract with Proctor, and Proctor having failed to pay for the same plaintiff demanded that defendant Brittain pay therefor in accordance with his written guaranty, and that defendant has refused to pay.

Defendant admits making the guarantee and sets up the Statute of Frauds as an affirmative defense, and claims that the instrument of guaranty upon which the action is brought does not conform to the statute and forms no basis for an action.

The alleged guaranty is as follows:

" EMPIRE METAL PRODUCTS CORPORATION
" SIXTY BROADWAY
" NEW YORK

" Office of the                                        Factory
 " President                              Irvington, N. Y.
" E. L.                                    *August* 30, 1916.
" H. L. B.
" Mr. GEORGE LITTMAN,
     " 241 West 37th Street,
                    " New York.

" DEAR SIR.— This is to confirm our telephone conversation in which I advised you that if you would make up the labels for Mr. Proctor, I would see that the account would be settled in the event he did not take care of it.

" Kindly proceed at once with the order and let him have the labels as quickly as possible.

                    " Yours very truly,
                " (Signed) H. L. BRITTAIN."

This writing is certainly a promise to pay the debt of Proctor for printing the labels in case Proctor should not pay for them, and also expressly requests plaintiff to proceed at once with the order.

The defendant now repudiates this letter and refuses to fulfill his promise upon the technical ground that it does not strictly comply with the Statute of Frauds notwithstanding the plaintiff complied with his express request and furnished the articles. While the position defendant has assumed does not commend itself to the conscience of the court still defendant of course has the right under the law to assert and maintain this technical defense.

The ground upon which defendant's counsel claims that the Statute of Frauds has not been complied with is that the written guaranty does not upon its face suffi-

ciently state the terms of the contract and that it is necessary to resort to parole testimony to show the number and price of the labels, the time for payment and time of delivery. At the trial no evidence was taken and no witnesses were sworn. The whole matter was disposed of upon the question of law raised by the defendant moving to dismiss complaint upon ground that the written guaranty was insufficient to hold defendant. Respondent has cited many cases which he claims are conclusive upon the question, and examination of those cases shows that they all refer to the contract of sale and have no direct bearing upon the question at issue. These cases simply state the rule which is concededly well settled that an " agreement " which is required to be in writing under the statute must be an entire and complete agreement expressing all essential details. It needed no authority other than the statute itself to determine this point. The term " agreement " used in the statute means agreement. If the writing did not contain all the essential details sufficient to constitute a contract it would not be an agreement at all. It will be observed that the statute does not alone refer to " agreement," it also uses the words " promise and undertaking." It is true that section 30 of the statute says that " the term ' agreement ' includes promise and undertaking," it does not, however, say the words shall be interpreted as synonymous, nor does it provide that the word " promise " as used in the statute shall have no meaning or significance. The words are in the statute for some purpose and must be given a meaning notwithstanding the statute says the word " agreement " includes them. The most that the definition contained in section 30 intended to do is to give a " promise or undertaking " contractual force.

The statute expressly recognizes the difference

between an " agreement " and a promise. Subdivision 2 (§ 31) refers to a " special promise to answer for the debt, default * * * of another." By reading subdivision 2 in conjunction with the first part of section 31, and eliminating the intervening provisions which all provide for a separate and distinct subject, the statute would simply read as follows: Every promise is void unless in writing if it " Is a special promise to answer for the debt * * * of another." Here the word " agreement " has no place and no significance. The instrument we are considering comes clearly within the terms used in the statute; it is " a special promise to answer for the debt, default * * * of another," and, unless it is so indefinite that its terms could not be sufficiently understood to enable the courts to enforce it, it is, we think, a valid and legal obligation upon the person who signed it.

The promise should of course be read in connection with the subject-matter to which it refers and in conformity to the understanding of both the promisor and promisee. It should be construed in accordance with the ordinary meaning of the term used and so as to give force to the intention of the parties, and ambiguous expressions construed against the guarantor. *Murphy* v. *Hart,* 122 App. Div. 548. I know of no rule which requires a person guaranteeing the payment for goods, under a contract of sale, to state in his written guaranty or promise all the details and provisions of the contract between the original parties. Upon the trial of an action against the promisor who guarantees the payment for goods sold to a third party the original contract, of course, unless admitted, must be put in evidence, as it is the very foundation of the claim against the guarantor, and when in evidence, if together with the written guaranty it may be definitely and clearly determined what the intention

of the parties was and the nature and extent of the written promise, nothing more is required. Taking the original contract between plaintiff and Proctor and the written guaranty or promise of defendant Brittain, nothing could be plainer as to what defendant promised; his promise becomes clear, definite and unambiguous. Reading the reported cases where actions have been brought upon written promises to guaranty the performance of contracts, and answer for the default of others, in which cases the defense of the Statute of Frauds was pleaded, I think the rule laid down by Judge O'Brien in *Seymour* v. *Warren*, 179 N. Y. 1, is correct beyond question. This rule the learned justice stated as follows: "As a general rule the statute is satisfied when the memorandum shows with reasonable clearness that the defendants' promise is designed to procure something to be done, forborne, or permitted, by the party to whom it is made, either to or for the promisor or a third party." The written guaranty or promise of the defendant was, I think, sufficient under the statute, and was a legal, binding and valid obligation upon the part of the defendant to pay plaintiff for the goods he sold and delivered to Proctor upon the faith thereof, and for which goods Proctor failed or refused to pay.

Guy and Finch, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.