McCONNON & COMPANY, a Corporation, Respondent, v. M. E. STALLINGS, Appellant, and C. C. DENNY and J. A. GARVER, Defendants.

[258 Pac. 527.]

GUARANTY—DEFAULT IN PAYMENT OF OBLIGATION—LIABILITY OF GUARANTOR—EFFECT OF "ABSOLUTE GUARANTY."

1. Generally, guaranty of payment of obligation of another is an absolute undertaking imposing liability on guarantor immediately on default of principal, regardless of whether notice was given to guarantor.

2. Guaranty whereby guarantors jointly, severally and unconditionally promised and guaranteed full and complete payment

of the obligation of principal constituted "absolute guaranty" and did not require notice of default of principal as prerequisites to recovery from guarantors.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action on contract of guaranty. Judgment for respondent. *Affirmed.*

Walter H. Anderson, for Appellant.

The guaranty in this case, being a continuing one, the duty rested upon the plaintiff, upon default to give the guarantors notice thereof, within a reasonable time in order that they might protect themselves. (*Taussig v. Reid,* 145 Ill. 488, 36 Am. St. 504, 32 N. E. 918; *Gimbell Bros. v. Mitchell,* 203 Mo. App. 610, 219 S. W. 676; *Singer Mfg. Co. v. Littler,* 56 Iowa, 601, 9 N. W. 905; *Davis Sewing Machine Co. v. Mills,* 55 Iowa, 543, 8 N. W. 356; *Stewart v. Knight & Jillson Co.,* 166 Ind. 498, 71 N. E. 182, 76 N. E. 743; *Young v. Merle & Heaney Mfg. Co.,* 184 Ind. 403, 110 N. E. 669; *Douglass v. Reynolds,* 7 Pet. (U. S.) 113, 8 L. ed. 626; *Heberling Med. Co. v. Smith,* 201 Ill. App. 126; *Louisville Mfg. Co. v. Welch,* 10 How. (U. S.) 461, 13 L. ed. 497; *Walker v. Forbes,* 25 Ala. 139, 60 Am. Dec. 498.)

McDougall, McDougall & McDougall, for Respondent.

The instrument sued upon in this action is an absolute and unconditional guaranty. (28 Corpus Juris, 895; *McConnon & Co. v. Laursen,* 22 N. D. 604, 135 N. W. 213;

Publisher's Note.

1. Absolute guaranty, see note in 15 Ann. Cas. 1164. See, also, 12 R. C. L. 1064.

2. Necessity for notice of default to bind guarantor, see notes in 105 Am. St. 516; 20 L. R. A. 257. See, also, 12 R. C. L. 1092.

See Guaranty, 28 C. J., sec. 11, p. 895, n. 92, 93; sec. 125, p. 972, n. 46; sec. 137, p. 980, n. 25.

*Rawleigh Medical Co. v. Atwater,* 33 Ida. 399, 195 Pac. 545; *Miller v. Lewiston National Bank,* 18 Ida. 124, 108 Pac. 901; *Frost v. Harbert,* 20 Ida. 336, 118 Pac. 1095, 38 L. R. A., N. S., 875; *Citizens Trust & Savings Bank v. Bryant,* 53 Cal. App. 735, 200 Pac. 823; *Hess v. Watkins Medical Brand,* 70 Ind. App. 416, 123 N. E. 440; *Noyes v. Nichols,* 28 Vt. 159; *Huckaby v. McConnon & Co.,* 213 Ala. 631, 105 So. 886; *Booth v. Irving Exchange Nat. Bank,* 116 Md. 668, 82 Atl. 652; *Farmers State Bank v. Hansen,* 174 Wis. 100, 182 N. W. 944; *Ives v. Williams,* 143 Va. 855, 129 S. E. 675; *Rawleigh Co. v. Deavours,* 209 Ala. 127, 95 So. 459; *Cumberland Glass Mfg. Co. v. Wheaton,* 208 Mass. 425, 94 N. E. 803; *Murphy v. Hart,* 122 App. Div. 548, 107 N. Y. Supp. 452.)

In case of an unconditional guaranty, notice of the principal's default need not be given to the guarantor to hold him liable under the guaranty. (28 C. J. 982.)

Contracts, such as the one sued upon here, have been by some courts held to be contracts of suretyship, and no notice of the principal's default is necessary to bind the surety. (*Hess v. J. R. Watkins Medical Co., supra; Huckaby v. McConnon & Co., supra.*)

WM. E. LEE, C. J.—McConnon & Company, plaintiff below, entered into a contract with one Denny, by which it was agreed that it would, from time to time, as ordered, sell him certain goods, wares and merchandise. Payment therefor was to be made from the proceeds of the sale of such goods and, on the expiration of the contract, a cash settlement was to be made for any outstanding balance. On the back of the contract, for a recited consideration, Stallings and another—

" . . . . do hereby jointly and severally and unconditionally promise and guarantee the full and complete payment of said medicines, extracts, and other articles at the time and place and in the manner as in said agreement provided.

"J. A. CARVER.

"M. E. STALLINGS."

The action is against both the principal and guarantors for a balance due on the contract. Defendant Stallings answered, and by cross-complaint set up a claim for damages, equal to plaintiff's demand, incurred by reason of the failure to notify him, within a reasonable time, of Denny's default in making payment. The trial court sustained a motion for a nonsuit on the cross-complaint and directed a verdict for plaintiff. Defendant Stallings appeals from the judgment.

Appellant's contention is that, since the action was based on a continuing guaranty, the guarantee was required to give the guarantors reasonable notice of the default of the principal. Admitting that the contract with appellant is of a continuing nature, respondent upholds the action of the trial court on the ground that, since the guaranty is absolute and unconditional, it was not necessary to give notice of the principal's default in order to hold the guarantors.

[1] As a general rule a guaranty of the payment of the obligation of another is an absolute undertaking imposing liability upon the guarantor immediately upon the default of the principal regardless of whether notice is given to the guarantor. (28 C. J. 972, 980; *Farmer's State Bank v. Hansen,* 174 Wis. 100, 182 N. W. 944; *Cumberland Glass Mfg. Co. v. Wheaton,* 208 Mass. 425, 94 N. E. 803; *Booth v. Irving Nat. Exchange Bank,* 116 Md. 668, 82 Atl. 652; *Rawleigh Co. v. Deavours,* 209 Ala. 127, 95 So. 459; *Murphy v. Hart,* 122 App. Div. 548, 107 N. Y. Supp. 452.) And while there are authorities supporting appellant's contention (see note, 105 Am. St. 518), this question would appear to have been settled in this state, for this court held, in *Rawleigh Med. Co. v. Atwater,* 33 Ida. 399, 195 Pac. 545, that a substantially similar guaranty was absolute and a right of action accrued against the guarantor immediately upon breach of the contract by the principal.

[2] This is an absolute guaranty. The guarantors "jointly, severally and unconditionally promise and guar-

44 Idaho—33

antee full and complete payment . . . . '' of the obligation of the principal, as in the agreement provided. There is no condition, express or implied, for giving notice to the guarantors of the default of the principal. The right of action accrued, as this court said in the case last above cited, on the breach of the contract by the principal, and no notice of the default of the principal is necessary to a recovery from the guarantors.

The judgment is affirmed. Costs to respondent.

Budge, Givens and T. Bailey Lee, JJ., concur.